Commonwealth *v.* Wideman, Appellant.

Submitted January 8, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*David H. Kubert,* for appellant.

*Jeffrey Philip Paul, James Garrett* and *Milton M. Stein,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, July 2, 1973:

On February 24, 1964, James Wideman, the appellant herein, Louis DeMarco, Anthony D'Antonio and Edward Rose were brought to trial jointly in Philadelphia on indictments charging conspiracy and the commission of several armed robberies. On February 26th, the trial court withdrew a juror and ordered a mistrial. The retrial was listed on numerous subsequent dates, but continued. It eventually commenced on November

29, 1966, and concluded on December 9th. The jury found Wideman guilty of conspiracy and one of the armed robbery charges. He was found not guilty on the other charges. A motion for a new trial was denied and a prison sentence of two and one-half to five years was imposed on the robbery conviction, to begin upon the completion of a prior sentence Wideman was then serving. Sentence was suspended on the conspiracy conviction. On appeal the Superior Court unanimously affirmed without opinion. 212 Pa. Superior Ct. 733, 241 A. 2d 358 (1968).

On July 23, 1970, Wideman filed a petition seeking post conviction relief under the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180 et seq. After a counseled evidentiary hearing relief was denied, and the petition was dismissed. On appeal the Superior Court affirmed this order without opinion. Judge HOFFMAN filed a dissenting opinion in which Judges JACOBS and SPAULDING joined. See 221 Pa. Superior Ct. 207, 289 A. 2d 93 (1972). We granted allocatur.

Several assignments of error are asserted in connection with the prosecution proceedings which resulted in Wideman's 1966 conviction, but for the purposes of this appeal only two need concern us.

It is urged the retrial constituted double jeopardy, because the first trial was aborted without "manifest necessity" and without Wideman's personal consent.[1] The record discloses the following pertinent facts.

At the trial in 1964, a judge from another judicial district, who was sitting specially in Philadelphia, was the trial judge. On the third day of trial, it became apparent the trial would require many additional days to complete and would extend beyond the last day the

---

[1] Before the second trial began, Wideman's counsel moved for a dismissal of the indictments on the ground of double jeopardy; hence, the issue was preserved for later review.

visiting judge had been assigned to preside in Philadelphia. The judge called a conference of all counsel in chambers, informed them of this difficulty and also said he had previous personal commitments which would interfere with his continuing to preside for the period the trial would require. Counsel for one of Wideman's co-defendants then made a motion for a continuance, asserting he had court commitments in another judicial district which required his presence and would interfere with his continuing as counsel in the trial then under way. Counsel for all of the defendants, including Wideman, apparently agreed to the continuance, although the record fails to show any affirmative consent on the part of Wideman's counsel. A mistrial was then declared without anyone voicing an objection.

Double jeopardy attaches if a mistrial is declared without "manifest necessity" or without the defendant's request or consent. *United States v. Jorn,* 400 U.S. 470, 91 S. Ct. 547 (1971), *United States v. Perez,* 22 U.S. (9 Wheaton) 579 (1824), and *Commonwealth v. Shaffer,* 447 Pa. 91, 288 A. 2d 727 (1972). It goes without saying that a trial judge's convenience does not constitute "manifest necessity" in the constitutional sense. The instant record leaves no other conclusion but that the initial trial was aborted for this reason. Accepting that Wideman's counsel consented to the mistrial, under the circumstances, this was not a true consent or the type of consent the law contemplates to prevent double jeopardy from attaching. What could Wideman's counsel do but agree to a mistrial in view of the trial judge's dilemma? The claim of double jeopardy is, therefore, sustained.

The only other issue requiring discussion is whether Wideman is precluded from raising the double jeopardy issue in this collateral proceeding. We rule he is not for the reasons that follow.

The issue of double jeopardy was not raised in the post trial motions in the trial court, nor on direct appeal, and to be entitled to relief under the Post Conviction Relief Hearing Act, a defendant must prove "that the error resulting in his conviction and sentence has not been finally litigated or waived." Section 3 of the Act of 1966, supra, 19 P.S. §1180-3(d). An issue is waived if "the petitioner knowingly and understandingly failed to raise it . . ." and "the petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue." Section 4 of the Act of 1966, supra, 19 P.S. §1180-4(b)(1) & (2). Ineffective counsel constitutes such "extraordinary circumstances".

Absent a knowing and intelligent waiver, Wideman was entitled to the assistance of counsel throughout the prosecution proceedings. And this means *effective* assistance of counsel; otherwise, the assistance of counsel would be just an empty gesture, and in effect a denial of counsel in the constitutional sense, and a deprivation of due process. The right to representation by counsel to be meaningful necessarily includes the right to effective representation. Cf. *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396 (1967), and *Powell v. Alabama,* 287 U.S. 45, 53 S. Ct. 55 (1932).

Effective assistance of counsel is denied if an independent examination of the record leads to the conclusion the particular course chosen by counsel had no reasonable basis designed to effectuate his client's interest. Cf. *Commonwealth v. Ganss,* 440 Pa. 602, 271 A. 2d 224 (1970), and *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A. 2d 349 (1967).

As noted before, counsel failed to raise the issue of double jeopardy at any time post trial. Additionally, another issue of substantial merit[2] was likewise ignored

---

[2] For a discussion of this issue, see Judge HOFFMAN's dissenting opinion in the Superior Court, 221 Pa. Superior Ct. 207.

124

and never raised post trial. These issues stood out in the record like sore thumbs; the law was most favorable to Wideman and we can discern no reasonable basis to effectuate Wideman's interest in counsel's failure to raise and pursue these issues post trial.

The orders of the Superior Court and the court of original jurisdictions are reversed, and the criminal charges here involved are dismissed.

Mr. Chief Justice JONES and Mr. Justice POMEROY concur in the result.