393 A.2d 478

COMMONWEALTH of Pennsylvania

v.

Kenneth KACKO, Appellant.

Superior Court of Pennsylvania.

Argued Nov. 23, 1977.

Decided Oct. 20, 1978.

John Alan Havey, Aliquippa, for appellant.

Joseph S. Walko, District Attorney, Beaver, submitted a brief for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Appeal is taken from judgment of sentence rendered following jury trial and verdict of guilty to charges of possession and possession with intent to deliver a controlled substance, viz., marijuana. "The Controlled Substance, Drug, Device and Cosmetic Act", Act of 1972, April 14, P.L. 233, No. 64, 35 P.S. § 780–113. The sentence on the possession with intent to deliver count was imprisonment for 1½ to 5 years, a fine of $5,000.00, and the payment of prosecution costs; sentence on the possession count was suspended. A prior trial on these indictments had ended in a mistrial. That there was neither manifest necessity for the declaration of this mistrial, on the Commonwealth's motion over defense objection, nor the right for the Commonwealth so to move, is appellant's first assignment of error below. The second question before us is an allegation that a defense application to suppress evidence, based upon lack of probable cause for the issuance of a search warrant, was improperly refused. Both arguments are preserved for appellate review as they were the subject of post-trial motions, but only the first need be addressed.

At the trial which resulted in a mistrial, one of the defense witnesses was Ronald Neish, who incidentally was a nephew of the prosecuting attorney. This witness testified that he often visited, retained a key for, and sometimes resided in the apartment of appellant. He identified as his property a "blue dresser", which was the same piece of furniture described in the search warrant and said to contain, *inter alia*, a controlled substance. Neish stated that at times he was in the apartment by himself. On cross-examination by the district attorney, witness Neish was asked whether certain items found in the apartment belonged to him, viz., three packages of cigarette papers and bags containing a controlled substance. The witness refused to answer on the grounds that he did not want to incriminate himself. A colloquy was held out of the hearing of the jury during which the witness was asked whether he had been advised by the prosecutor to plead the Fifth Amendment in answer to these questions. The witness could not remember, but did state that he had independent knowledge of one's right not to answer incriminating inquiries. At this point, over objection, the Commonwealth moved for a mistrial. The trial judge at first denied the motion of the attorney for the Commonwealth for a mistrial. (Trial transcript, p. 105, reproduced record, p. 147a) The Commonwealth then told the judge there would be no double jeopardy if he declared a mistrial *sua sponte*. The judge when pressed by the Commonwealth, reversed his ruling and granted the Commonwealth's motion for a mistrial; the court did not declare the mistrial *sua sponte*.

The *Pennsylvania Rules of Criminal Procedure* make no provision for a motion by the Commonwealth for a mistrial. *Pa.R.C.P.* No. 1118(b) states:

When an event prejudicial to the defendant occurs during trial only the defendant may move for a mistrial; the motion shall be made when the event is disclosed. *Otherwise*, the trial judge may declare a mistrial only for reasons of manifest necessity. (Emphasis the writer's)

A trial judge may declare a mistrial *sua sponte* for reasons of manifest necessity, *Gori v. United States*, 367 U.S. 364, 81 S.Ct. 1523, 6 L.Ed.2d 901 (1961), *Commonwealth ex rel. Walton v. Aytch*, 466 Pa. 172, 352 A.2d 4 (1976), or he may grant a motion by a defendant for a mistrial. Rule 1118 restricts the trial judge to one or the other action. It was error for the court below to grant the motion by the attorney for the Commonwealth for a mistrial.

Because of this holding we need not consider the question of whether "manifest necessity" existed under the instant facts. *Commonwealth v. Wideman*, 453 Pa. 119, 306 A.2d 894 (1973). Nor need we treat of appellant's allegation that his motion to suppress should have been granted. We conclude that appellant's motion for arrest of judgment should have been granted for the reason that he was placed twice in jeopardy by being tried after an incorrect declaration of a mistrial.

Judgment of sentence reversed and appellant discharged.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.