445 A.2d 117

**COMMONWEALTH of Pennsylvania**

v.

**Nathan OWENS, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 5, 1980.

Filed April 30, 1982.

Petition for Allowance of Appeal Denied Sept. 9, 1982.

1

Elias B. Landau, Philadelphia, for appellant.

Gaele McLaughlin Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and HESTER, and WIEAND, JJ.

CERCONE, President Judge:

In this appeal, appellant, Nathan N. Owens, claims that a retrial would subject him to double jeopardy. He contends that a mistrial resulted due to overreaching on the part of the trial judge and alternatively, that there was no manifest necessity for the declaration of the mistrial. We find no merit to either of appellant's arguments and thus, affirm the order of the trial court denying appellant's pre-trial motion to dismiss.

Appellant was charged with simple and aggravated assault perpetrated upon a prison guard in an institution wherein appellant was an inmate. He was brought to trial before the Honorable Stanley L. Kubacki, J. and a jury. After both sides had rested, appellant announced in open court that he no longer required the services of his attorney. Following this announcement, the jury was removed from the court room, and the trial judge questioned appellant about his reasons for wanting the dismissal of counsel. Appellant stated that his counsel had declined to pose certain questions and call certain witnesses. Appellant requested that a new attorney be appointed to make the closing arguments. Upon denial of this request, appellant threatened that if he was not provided with new counsel, "I am going to disrupt the courtroom because I don't want him to defend me no more." Appellant carried through with his threat, was held in contempt of court, and given a sentence of six months imprisonment.

Eventually, the jury was returned to the courtroom for the completion of trial. Appellant, however, again disrupted the proceedings and dared the trial judge to hold him in contempt. Because appellant persisted in his uncontrolled

4

behavior, Judge Kubacki found it necessary to hold appellant in contempt twice again. On each occasion when he did so, Judge Kubacki said, "I am sentencing you to an additional six months in jail for contempt to follow all sentences you are now serving." The second time appellant retorted: "You can give me a thousand years." At this point, defense counsel sought a mistrial, and the motion was granted by Judge Kubacki.

■ Appellant's first argument contends that his trial was aborted due to judicial overreaching, and thus, retrial is barred. Specifically, appellant faults the trial judge (1) for holding appellant in contempt and sentencing him on the contempt charges in the presence of the jury thereby revealing to the jury that appellant was already serving time in prison;[1] and (2) for failing to conduct a colloquy concerning appellant's desire to represent himself. Generally, the double jeopardy clause does not bar retrial of a defendant who obtains a new trial upon his request for a mistrial. *United States v. Dinitz*, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976); *Commonwealth v. Starks*, 490 Pa. 336, 416 A.2d 498 (1980). However, reprosecution may be barred where the mistrial is attributable to governmental overreaching. *United States v. Dinitz, supra; Commonwealth v. Starks, supra.* The United States Supreme Court has articulated two types of overreaching: first, there is misconduct designed to provoke a mistrial in order to secure a second more favorable opportunity to convict defendant, and second, there is misconduct undertaken in bad faith which is designed to prejudice or harass the defendant. *United States v. Dinitz, supra,* 424 U.S. at 611, 96 S.Ct. at 1081; *Commonwealth v. Starks, supra.* The allegedly improper actions of the trial judge instantly did not constitute either type of overreaching. This is substantiated by the record.

1. In connection with this claim, appellant also questions the legality of the court's summary procedure. Appellant's direct appeal in our Supreme Court disposed of this issue, and the matter is finally litigated. The Supreme Court did not find the trial court's procedure infirm. *See Commonwealth v. Owens*, 496 Pa. 16, 436 A.2d 129 (1981).

■ Concerning appellant's claim that it was misconduct to hold appellant in contempt and sentence him on that charge in the presence of the jury, we must note that the better practice would have been to conduct such proceedings outside the presence of the jury. Nevertheless, these actions by the judge, when viewed in light of the surrounding circumstances, do not suggest a bad faith effort to prejudice or an intent to provoke mistrial.[2] As our earlier recitation of the events of the contempt procedure indicated, it was appellant's unbridled, disruptive behavior in the presence of the jury which prompted the court to hold appellant in contempt and sentence him thereon. Appellant went so far as to even dare the trial judge to hold him in contempt. Indeed, the action by the trial judge could hardly have prejudiced appellant more than he had prejudiced himself in the eyes of the jury by his consistent, unruly conduct. Instantly, the court's immediate decision to hold appellant in contempt was made during a very difficult situation and cannot in any way be considered conduct amounting to judicial overreaching.

Moreover, appellant cannot claim prejudice from being sentenced in the jury's presence, and appellant's contention that the trial judge committed misconduct by informing the jury that he had a criminal record is without support. The allegedly prejudicial statement, wherein the judge sentenced appellant "to an additional six months in jail for contempt to follow all sentences that you are now serving," informed the jurors of no more than what they already knew from the trial testimony. The entire case concerned an assault by a prisoner, appellant, on a prison guard. Appellant did not deny attacking the guard, but disputed the circumstances

2. The standard for determining what constitutes governmental over-reaching is whether the mistrial has been deliberately provoked or whether the government has acted in bad faith. *Commonwealth v. Virtu*, 495 Pa. 59, 432 A.2d 198 (1981), *Commonwealth v. Hoskins*, 494 Pa. 600, 432 A.2d 149 (1981); *Commonwealth v. Starks, supra, Commonwealth v. Custor*, 296 Pa.Super. 235, 442 A.2d 746. *See also* The Double Jeopardy Clause and Mistrials Granted on Defendant's Motion: What Kind of Prosecutorial Misconduct Precludes Reprose-cution?, 18 Duq.L.Rev. 103 (1979).

and claimed self-defense. During trial, appellant was referred to by his counsel as a "prisoner", which he in fact was. Appellant, himself, testified that he was living in Holmesburg Prison. In light of the foregoing, it becomes evident that there was no overreaching on the part of the trial judge no suggestion of a bad faith effort to prejudice or intent to provoke a mistrial.

 A claim of judicial overreaching also cannot be premised upon the claim that the trial judge failed to hold a colloquy of appellant concerning his desire to represent himself. The judge did conduct a colloquy, and "[t]he colloquy revealed appellant's dissatisfaction with his counsel's strategy during trial, particularly the failure to call several witnesses and to ask certain questions." *Commonwealth v. Owens*, 496 Pa. 16, 19, 436 A.2d 129, 130 (1981). Moreover, when a request to dismiss counsel is made during the course of trial, as is the case herein, the request is addressed to the sound discretion of the trial court. *Commonwealth v. Owens*, 496 Pa. at 24 n.6, 436 A.2d at 133 n.6. We can find no abuse of that discretion.

Given all the circumstances of this case, we find no judicial overreaching and reprosecution of appellant is not barred.

 As an alternate argument, appellant asserts that because the element of manifest necessity was not present, the trial judge erred in granting defense counsel's motion for mistrial. The Pennsylvania Supreme Court, following the precedent set by the United States Supreme Court, has held that "[d]ouble jeopardy attaches if a mistrial is declared without 'manifest necessity' or without the defendant's request or consent. (citations omitted)." *Commonwealth v. Wideman*, 453 Pa. 119, 122, 306 A.2d 894, 895 (1973). The thrust of appellant's argument herein is that he did not consent to his counsel's motion for mistrial, and consequently, manifest necessity did not exist. The record, however, discloses that appellant did effectively consent to a mistrial. Although appellant did not personally request the mistrial,

he made no objection when his counsel did so. When this same factual scenario occurred in *Commonwealth v. Manley*, 252 Pa.Superior Ct. 77, 380 A.2d 1290 (1977), our Court found consent. Moreover, appellant immediately thanked the judge for granting his counsel's motion for mistrial. On these facts counsel's request was binding on appellant.

■ Finally, the record discloses the existence of manifest necessity, further disproving this last claim raised by appellant. Justice Story, authoring the opinion in *United States v. Perez*, 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824), described the concept of manifest necessity as follows:

> The law has invested Courts of Justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is manifest necessity for the act, or the ends of justice would otherwise be defeated. They are to exercise a sound discretion on the subject; and it is impossible to define all the circumstances which would render it proper to interfere. To be sure, the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes. . . .

Herein, the grant of a mistrial was manifestly necessary to prevent the ends of justice from being defeated. Appellant disrupted the trial proceedings out of the presence of the jury, continued his unruly behaviour upon the jury's return, and indicated that he would not cease. There can be no more manifest necessity for stopping a trial than the inability of the court to continue in an orderly fashion, or the inability of the finder of fact to reach an impartial verdict because appellant, by flagrant misbehavior, has almost certainly prejudiced the finder of fact against him.

Order of lower court affirmed.

WIEAND, J., files a concurring opinion.

WIEAND, Judge, concurring:

I agree fully with the majority that a second trial for Nathan Owens is not barred by considerations of double

jeopardy. I write only to emphasize that while the trial judge did not abuse his discretion by declaring a mistrial in this case, a trial court is not *required* to declare a mistrial in all instances in which a disruptive defendant, by his own flagrant misbehavior, makes it difficult to proceed in an orderly fashion or appears to prejudice the jury against him. If "manifest necessity" for declaring a mistrial existed in every case where a defendant engaged in disruptive and contemptuous behavior, ". . . it would provide an easy device for defendants to provoke mistrials whenever they might choose to do so." *United States v. Bentvena*, 319 F.2d 916, 931 (2nd Cir. 1963), *cert. denied*, 375 U.S. 940, 84 S.Ct. 345, 11 L.Ed.2d 271 (1963), *reh. denied*, 397 U.S. 928, 90 S.Ct. 894, 25 L.Ed.2d 108 (1970), quoting *United States v. Aviles*, 274 F.2d 179, 193 (2nd Cir. 1959), *cert. denied*, 362 U.S. 974, 80 S.Ct. 1057, 4 L.Ed.2d 1009 (1960). See generally: Anno., Disruptive Conduct of Accused in Presence of Jury as Ground for Mistrial or Discharge of Jury, 89 A.L.R.3d 960.

I do not believe it should be "the function of an appellate court with all the advantages of hindsight to substitute itself for the trial judge and to declare how it might have handled each situation or to deliver lengthy admonitions to trial judges on the proprieties of conducting these difficult criminal trials. . . ." *United States v. Bentvena*, supra at 933. Nevertheless, it may not be amiss to suggest that an alternative preferable to declaring a mistrial can be found in the ABA Standards Relating to the Function of the Trial Judge, § 6.8, where the following appears:

A defendant may be removed from the courtroom during his trial when his conduct is so disruptive that the trial cannot proceed in an orderly manner. Removal is preferable to gagging or shackling the disruptive defendant. If removed, the defendant should be required to be in the court building while the trial is in progress, to be given the opportunity of learning of the trial proceedings through his counsel at reasonable intervals, and be given a continuing opportunity to return to the courtroom during the trial upon his assurance of good behavior. The re-

moved defendant should be summoned to the courtroom at appropriate intervals, with the offer to permit him to remain repeated in open court each time.

*See also Commonwealth v. Africa,* 466 Pa. 603, 353 A.2d 855 (1976).

Because I do not understand the majority opinion to require a mistrial in cases of disruptive defendants but, rather, to leave the dealing with such defendants to the sound discretion of the trial judge, I join therein.