658 A.2d 1368

**COMMONWEALTH of Pennsylvania**

**v.**

**Grover Hughes PHILLIPPI, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 24, 1995.

Filed May 25, 1995.

Petition for Allowance of Appeal Denied Sept. 25, 1995.

Clark B. Frame, Morgantown, WV, for appellant.

David F. Pollock, Dist. Atty., Waynesburg, for the Comm., appellee.

Before ROWLEY, President Judge, and McEWEN and POPOVICH, JJ.

ROWLEY, President Judge:

Appellant Grover Hughes Phillippi appeals an order of the trial court denying his motion to dismiss criminal charges against him on double jeopardy grounds. We affirm.

Appellant was tried on May 3–5, 1994, on charges of statutory rape and aggravated indecent assault. After deliberating for several hours on May 5, the jurors were sent home. The trial court received notice at home that evening that one of the jurors refused to return to continue deliberating the next day. When the juror failed to appear the following morning, the trial court informed counsel that he was going to declare a mistrial.[1] The trial court told counsel that he had been unable to reach an alternate juror, and would have been reluctant to seat her in any event, since she did not participate in deliberations the day before. Furthermore, the trial court was unwilling to proceed with only eleven jurors. He then told counsel that "before [they] talked about any alternative ways of handling this," he wanted them to be aware of the fact that the juror who refused to return informed him that "the jury could meet there for two weeks and we're not going to reach a verdict." Conference in Chambers, 5/6/94, at 3. Defense counsel told the trial court that "[a]s a matter of fact, that's what we were talking about." *Id.*

After further discussion, defense counsel stated, "There is no need to talk further. We were considering the possibility of only going with 11 [jurors]. But all we would do is sit around and make a lot of people mad and arrive at the

---

1. The trial court steadfastly maintains that he never released the juror, but insisted that she return for deliberations the following day.

same place later today." [2] *Id.* at 3–4. The trial court then declared a mistrial and released the remaining jurors. After the trial court entered an order on May 23, 1994, re-listing the case for trial, appellant filed a motion to dismiss on May 31, 1994.

■ Absent the defendant's request or consent, he or she may not be re-tried after a mistrial has been declared without offending double jeopardy principles, unless the facts establish a "manifest necessity" for the trial court's actions. *United States v. Jorn,* 400 U.S. 470, 484–85, 91 S.Ct. 547, 557, 27 L.Ed.2d 543 (1971); *Commonwealth v. Balog,* 395 Pa.Super. 158, 163, 576 A.2d 1092, 1094 (1990); Pa.R.Crim.P. 1118(b). A failure of the court to consider less drastic alternatives before declaring a mistrial creates doubt about the exercise of the trial court's discretion, and may bar re-prosecution because of double jeopardy protections. *Balog,* 395 Pa.Super. at 164–65, 576 A.2d at 1095.

■ A review of the record establishes that we need not decide whether the circumstances establish that a manifest

2. The dissent does not find that this constitutes consent, citing *Commonwealth v. Wideman,* 453 Pa. 119, 306 A.2d 894 (1973), and *Commonwealth v. Owens,* 299 Pa.Super. 1, 445 A.2d 117 (1972). However, the facts presented in *Wideman* are distinguishable from the facts herein. First, the mistrial in *Wideman* was declared for the convenience of the presiding judge's schedule, and, significantly, "the record *fails to show any affirmative consent on the part of Wideman's counsel." Wideman,* 453 Pa. at 122, 306 A.2d at 895 (emphasis supplied). Second, while the Supreme Court framed the issue in *Wideman* in the context of whether error occurs when a mistrial is declared without the defendant's "personal consent," *id.,* the Court's analysis and holding are framed in the context of the consent of defendant's counsel, and make no reference whatsoever to a necessity to secure a defendant's personal consent.

In a similar vein, the dissent would read *Owens* to support the position that a defendant must personally consent to a mistrial. However, the trial court declared a mistrial in *Owens* only after the defendant's egregiously disruptive behavior throughout his trial resulted in the trial court holding him thrice in contempt. The defendant's behavior stemmed from his desire to fire his trial counsel, the trial counsel finally requested a mistrial be declared, the defendant thanked the trial court for granting the motion, and then attempted to claim on appeal that the mistrial was granted without his consent. *Owens,* 299 Pa.Super. at 7, 445 A.2d at 118–19.

necessity to declare a mistrial existed. Defense counsel not only failed to object to the trial court's decision to declare a mistrial,[3] but consented to the decision after alternatives were raised, discussed, and rejected. *Commonwealth v. Bartolomucci,* 468 Pa. 338, 362 A.2d 234 (1976) (substantive law of double jeopardy requires either a request or consent by defendant to mistrial to avoid requirement that mistrial be manifestly necessary).

■ On appeal, appellant cites to his "impression" that the trial court had "excused" the absent juror as a circumstance creating "confusion and doubt about why the mistrial was ever declared." Appellant's Brief at 7, 9. However, the record confirms the trial court's claim that the juror was not excused. Moreover, if defense counsel was confused at the time of the conference as to whether the juror was excused, it would have been a simple matter to ask the trial court directly. Furthermore, appellant now asserts that the "ex parte" information the trial court received from the recalcitrant juror that "we're divided just about half and half and neither side will give in," Conference in Chambers at 3, was imparted to both counsel at a "critical time," implying that he was somehow improperly persuaded to acquiesce in the declaration of a mistrial by this information. The record establishes, however, that he agreed that the jury was potentially deadlocked. *Id.* at 3–4. The "practical inability of the original tribunal to complete the trial" is unquestionably one of the accepted situations constituting manifest necessity. *Balog,* 395 Pa.Super. at 165, 576 A.2d at 1095.

With respect to less drastic alternatives than mistrial, defense counsel could have, *inter alia,* requested that individual

---

**3.** We recognize that a defendant need not in every instance make a specific objection at the time a mistrial is declared to avoid waiver. *See, e.g., Commonwealth v. Bartolomucci,* 468 Pa. 338, 362 A.2d 234 (1976) (where trial court *sua sponte* orders mistrial over defendant's objection, defendant need not specify reason for objecting); *Commonwealth v. Moose,* 424 Pa.Super. 579, 623 A.2d 831 (1993) (since double jeopardy issue is not ripe for review until Commonwealth decides to undertake re-prosecution, defendant is not required to file for dismissal on direct appeal to avoid waiver), *appeal denied,* 538 Pa. 613, 645 A.2d 1317 (1994).

jurors be polled to confirm that a deadlock existed, requested a continuance until the absent juror returned, requested a recess until the alternate juror was located, or insisted upon continuing with eleven jurors. Instead, he essentially conceded that the juror's observation to the trial court that "neither side will give in," Conference in Chambers at 3, "corresponde[d] to my own observation ... [that] I just figured it was that way." *Id.* at 4.

The trial court acted appropriately in notifying both counsel before declaring a mistrial, and in considering less drastic alternatives. *Commonwealth ex rel. Walton v. Aytch,* 466 Pa. 172, 352 A.2d 4 (1976), *cert. denied,* 429 U.S. 867, 97 S.Ct. 178, 50 L.Ed.2d 147 (1976). We find counsel's comment that "there is no need to talk further.... all we would do is sit around and make a lot of people mad and arrive at the same place later today," Conference in Chambers at 4–5, constitutes consent to the declaration of a mistrial. As such, double jeopardy does not bar re-prosecution.

Order affirmed.

Judge POPOVICH files a dissenting opinion.

POPOVICH, Judge, dissenting:

Because I find that consent to a mistrial was not properly given by appellant, I must respectfully dissent from the decision reached by my esteemed colleagues.

The record clearly shows that the trial judge, *sua sponte,* declared a mistrial. On Thursday, May 5, 1994, the fourth day of trial, the jury commenced its deliberation and did not reach a verdict after several hours. The trial judge recessed the jury and instructed them to return the following morning to resume deliberation. On Thursday evening, the trial judge, at his home, had a telephone conversation with a juror wherein the juror informed the judge that she would be absent from deliberation because she was attending her grandmother's funeral in Illinois. The juror did not appear for deliberation on the morning of Friday, May 6, 1994. The trial judge held a conference with counsel in his chambers. In the judge's

chambers, the judge began his discussion with counsel by apprising them of the juror's absence from deliberation and then stated as follows: "So we are going to have a mistrial in the case. I just wanted to inform counsel." Conference in Chambers 5/6/94 at 2.

After his declaration of a mistrial, the trial judge informed counsel of the absent juror's belief that the jury was "divided just about half and half, and neither side will give in." Conference in Chambers 5/6/94 at 3. The majority herein finds that defense counsel then consented to a mistrial because defense counsel agreed that the jury would be divided in reaching a verdict even with eleven jurors.

I do not embrace the majority's determination. "Accepting that [defense] counsel consented to the mistrial, under the circumstances, this was not a true consent or the type of consent the law contemplates to prevent double jeopardy from attaching." *Commonwealth v. Wideman,* 453 Pa. 119, 122–24, 306 A.2d 894, 896 (1973) (supreme court finds consent to mistrial was not given where trial judge informed counsel in chambers on third day of trial that he would have to declare a mistrial because the trial at hand was longer than expected and interfered with his commitments in other cases; defense counsel did not object to trial judge's declaration of a mistrial and defendant did not personally consent).

The trial judge's decision to declare a mistrial was based solely upon his telephone conversation with the juror on the evening of Thursday, May 5, 1994. It ought not follow that consent to a mistrial is derived from such a tenuous basis. *Compare Commonwealth v. Hamilton,* 460 Pa. 686, 334 A.2d 588 (1975) (consent to a mistrial was found where trial judge apprised defense counsel that he held a colloquy with the jury foreman and several other jurors and determined that the jury was unable to reach a verdict after thirty hours of deliberation).

The trial judge advised counsel that the absent juror told him that the jury was "divided just about half and half, and neither side will give in." Conference in Chambers 5/6/94 at 3.

Contrarily, defense counsel maintain that their investigation revealed the absent juror was one of only two jurors voting for a conviction at the time of recessing on Thursday evening, May 5, 1994, and that the remaining ten (10) jurors were voting for an acquittal and believed that progress was being made toward reaching a verdict. Hearing on Defendant's Motion to Dismiss 6/16/94 at 26–27; R. 27. Also, defense counsel assert that their investigation showed that the absent juror returned home on Sunday, May 8, 1994, and was present at work on Monday, May 9, 1994. Hearing on Defendant's Motion to Dismiss 6/16/94 at 9; R. 27.

Without adequately inquiring about the status of the deliberation and without exploring the possibility of a continuance, the trial judge did not make a sufficient finding for an informative decision to be made by defense counsel. Moreover, I am of the opinion that consent for a mistrial was not established because appellant was not present at the time his defense counsel apparently agreed to a mistrial. *See Wideman*, 453 Pa. at 120–22, 306 A.2d at 895. *Compare Commonwealth v. Owens*, 299 Pa.Super. 1, 445 A.2d 117 (1982) (consent to a mistrial by defendant himself was established where defendant was physically present at the time his counsel moved for a mistrial and made no objection to his counsel's course of action).

A trial judge's ruling to abort a proceeding without the defendant's consent is appropriate only if the trial judge, upon his own scrupulous consideration of less drastic alternatives, determines that there is a manifest necessity for the mistrial. *Commonwealth v. Balog*, 395 Pa.Super. 158, 576 A.2d 1092 (1990).

In the case at bar, the mistrial was not initiated by a motion of the appellant. Instead, it stemmed from the express ruling of the trial court. Therefore, I disagree with the majority's finding that defense counsel had an obligation to request less drastic alternatives. I find that the duty to probe into the alternatives paramountly belonged to the trial judge and that he did not give heed to this responsibility. Accordingly, I conclude that the lower court erred in denying appellant's

motion to dismiss the criminal charges against him on double jeopardy grounds.