J-S38012-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHACUBE YOUNG | : | |
| | : | |
| Appellant | : | No. 2303 EDA 2021 |

Appeal from the Judgment of Sentence Entered September 7, 2021
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0003567-2019

BEFORE: LAZARUS, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY LAZARUS, J.: **FILED NOVEMBER 7, 2023**

Shacube Young appeals, *pro se*, from the judgment of sentence, entered in the Court of Common Pleas of Chester County, after a jury convicted him of one count of burglary,[1] two counts of robbery – inflict bodily injury,[2] and three counts of robbery – threaten to inflict serious bodily injury.[3] After review, we affirm.

The trial court provided the following factual summary:

On September 14, 2019[,] at approximately 11:00 p.m., [Zhion] Wesley was at his grandmother['s], Grisolla Berry[,] house on South Matlack Street in West Chester, Chester County, Pennsylvania with James Davis, Pierre Mar[chant], Tyrone Wesley

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3502(a)(1)(i).

[2] *Id.* at § 3701(a)(1)(iv).

[3] *Id.* at § 3701(a)(1)(ii).

(aka Abdul Ray)[,] and Paul Berry. [Berry] was sitting in the living room, and [Zhion], [] Davis, [] Mar[chant], and [] Ray were in the kitchen. While Zhion was sitting at the kitchen table, [] Davis was getting ready to leave the residence. [Davis] was about to exit the front door when [Young], whom the people in the house did not know, entered the house without permission. [Young] displayed a handgun and began walking [] Davis back to the kitchen. A shot rang out by [] Davis' ear and he dropped to the ground. The bullet hit [Zhion] in the back, and he also fell to the ground. [Young] then took [Zhion]'s wallet, which was sitting on the kitchen table. He also took [] Davis' wallet, $25 from [] Mar[chant], and two [] necklaces from [] Ray.

[] Berry, who was upstairs, called the police. Corporal Malicki of the West Chester Borough Police Department arrived on-scene and saw [Young] exit out the front door and proceed south down the block. [Corporal Malicki] identified himself as police and told [Young], "Stop. Let me see your hands." [Young] turned, and Corporal Malicki observed that he had a gun in his hand. [Young] began running down a breezeway next to the house and started to go over or through a fence at the end of the area. When he tried to get [past] the fence, Corporal Malicki observed that [Young] was wearing a black t-shirt with a white t-shirt underneath it. [Young] got [past] the fence and hid under a white Jeep. He was no longer wearing the black t-shirt, only the white [t-shirt]. He got out from under the Jeep and proceeded westbound on the sidewalk and then began crossing the street. At that point, [Young] was tasered by another officer and taken into custody.

The area was secured and processed. The police followed the path taken by [Young], where [Zhion]'s wallet and a pack of cigarettes w[ere] found. They also found the gun near the fence in the back of the property. It had five [] bullets and one [] spent casing in it. Further, the police recovered the black t-shirt with a baseball cap inside of it and a black cell phone next to the Jeep. After [Young] was taken into custody, [] Davis' wallet was discovered with [Young]'s belongings. [] Ray's necklaces were found the next morning in the backyard near the fence.

Based on the above, [Young] was charged [with, *inter alia*, the above-mentioned offenses].

Trial Court Opinion, 3/15/22, at 1-2.

Initially, during pre-trial proceedings, Young was represented by counsel. However, at some point Young became discontented with his representation and requested to proceed *pro se*. On March 22, 2021, the trial court conducted a ***Grazier***[4] hearing, after which it permitted Young to proceed *pro se*. On May 24, 2021, Young, *pro se*, filed a motion to dismiss with prejudice pursuant to Pa.R.Crim.P. 600. On June 14, 2021, the trial court denied Young's Rule 600 motion.

After a jury trial, Young was convicted of the above-mentioned offenses. The trial court deferred sentencing and ordered the preparation of a pre-sentence investigation report (PSI).

On September 7, 2021, the trial court conducted a sentencing hearing, at which time it sentenced Young to 10 to 20 years in prison for his conviction of burglary. For Young's robbery convictions, the trial court merged two of the convictions, and for the remaining three robbery convictions sentenced Young to a total term of 10 to 20 years in prison, to be served consecutively to his burglary conviction, resulting in an aggregate 20 to 40 years' incarceration. Young filed a timely post-sentence motion, which the trial court denied on September 15, 2021.

---

[4] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

Young, *pro se*, filed a timely notice of appeal,[5] and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.[6]

_____

[5] Young's Notice of Appeal is hand-dated September 16, 2021, the day after the trial court denied his post-sentence motion. However, Young's Notice of Appeal was not docketed until November 3, 2022, in excess of the 30-day window to file a timely notice of appeal pursuant to Pa.R.A.P. 903 and Pa.R.Crim.P. 720(A)(2)(a). **See** Pa.R.A.P. 903(a) (notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"); **see also** Pa.R.Crim.P. 720(A)(2)(a) ("If the defendant files a timely post-sentence motion, the notice of appeal shall be filed . . . within 30 days of the entry of the order deciding the motion."). On March 3, 2022, Young filed a *pro se* request for the appointment of appellate counsel. On March 29, 2022, this Court granted Young's request and directed the trial court to appoint appellate counsel for Young. **See** Order, 3/29/22, at 1. On March 30, 2022, this Court issued a rule to show cause directing Young to explain why this appeal, filed on November 3, 2021, should not be quashed as untimely filed as the judgment of sentence was imposed on September 7, 2021. On April 11, 2022, Brian Lee McCarthy, Esquire, entered his appearance to represent Young for the purposes of appeal. On May 26, 2022, Attorney McCarthy filed a response in which he indicated that Young's *pro se* notice of appeal was hand-dated September 16, 2021, and should, therefore, be considered timely.

We observe that, pursuant to Pa.R.A.P. 121(f), *pro se* filings submitted by an incarcerated individual are "deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence." Pa.R.A.P. 121(f). Instantly, Young's notice of appeal does not bear any markings indicating when it was delivered to prison authorities, and Young has not provided this Court with a prisoner cash slip or any other reasonably verifiable evidence demonstrating when he provided the notice of appeal to prison authorities. Consequently, we cannot conclude that Young's notice of appeal was timely filed, and we note that merely hand-dating a notice of appeal does not satisfy the requirements of Rule 121(f).

Nevertheless, our review of the record reveals that the trial court did not serve Young with notice of the judgment of sentence or the denial of his post-sentence motion. **See** Pa.R.Crim.P. 114(B)(1) ("A copy of any order or court

*(Footnote Continued Next Page)*

Young now raises the following claims for our review:

1. Whether the trial court erred in failing to consider arguments and develop a record concerning [Young]'s claims that his previous appointed counsel was not authorized to request continuances?

2. Whether a mistrial was required when a Commonwealth witness revealed that [Young] was incarcerated, especially when considered with other issues that should have resulted in a mistrial both preceding and following this comment?

3. Whether the evidence was insufficient to support [Young]'s conviction?

4. Whether the jury's verdict was against the weight of the evidence?

5. Whether the trial court's sentence was excessive and failed to consider mitigating factors?

_____

notice promptly shall be served on each party's attorney, or the party if unrepresented."); *see also Commonwealth v. Midgley*, 289 A.3d 1111, 1117 (Pa. Super. 2023) ("Where the trial court docket in a criminal case does not indicate service on a party or the date of service, we will not quash the appeal or require further proceedings. Rather, we will treat the time in which to take an appeal as never having started to run and treat the appeal as timely."). Here, at the time of trial, sentencing, and post-sentence motions, Young was acting in a *pro se* capacity. Consequently, the trial court docket's failure to indicate that Young was properly served with the judgment of sentence or denial of his post-sentence motion, is a violation of Rule 114(B)(1), which permits us to overlook Young's untimely filing of his notice of appeal. *See Midgley*, *supra*. Accordingly, we treat Young's notice of appeal as timely. *See id.*

[6] On October 7, 2022, Attorney McCarthy filed an application for remand in which he requested that this Court remand the case to the trial court so that he may file a supplemental Rule 1925(b) concise statement. On November 8, 2022, this Court granted Attorney McCarthy's application, remanding the record for a supplemental Rule 1925(b) concise statement, but retaining jurisdiction. *See* Order, 11/8/22, at 1. On the same day, Attorney McCarthy filed the supplemental Rule 1925(b) concise statement, and on April 3, 2023, the trial court filed a supplemental Rule 1925(a) opinion.

Brief for Appellant, at 9-10.

In his first claim, Young contends that the trial court erred in failing to address his Rule 600 motion. **See** Brief for Appellant, 30-33. In particular, Young argues that the trial court did not adequately explain its rationale for denying his Rule 600 motion in either of its Rule 1925(a) opinions, or in its order denying the Rule 600 motion. **Id.** at 32-33.

This claim is waived. Young provides us with no discussion of what his mechanical run date was or should have been. Additionally, Young does not discuss which, if any, of the continuances or delays are attributable to him, the Commonwealth, or the trial court. Indeed, Young's argument is based largely on sweeping statements that the trial court miscalculated the dates, without any further discussion or citation to the record. **See id.**; **see also Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009) ("where an appellate brief fails to . . . develop the issue in any [] meaningful fashion capable of review, that claim is waived"); **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007) (explaining appellant's briefing requirements and duties to "present arguments that are sufficiently developed for our review. . . . This Court will not act as counsel and will not develop arguments on behalf of an appellant.").

In his second claim, Young raises two sub-issues in which he argues that the trial court erred in failing to *sua sponte* declare a mistrial. **See** Brief for Appellant, at 33-36. In his first sub-issue, Young's argument rests upon claims that the trial court erred in allowing the Commonwealth to play the

audio recordings of the police interviews with Davis and Marchant. *Id.* at 33-34. Young contends that Davis did not recall speaking to police, and that "the Commonwealth simply played the audio interview in response." *Id.* Young posits that the audio interviews did not fit into any recognized hearsay exception, and that their admission was error. *Id.* at 35-36. In his second sub-issue, Young contends that Berry's "outburst" during trial also warranted a *sua sponte* mistrial or a jury instruction. *Id.* Young contends that at the end of Berry's cross-examination, she began asking Young why he broke into the home and attacked them. *Id.* For ease of disposition, we address these sub-issues together.

"It is within a trial judge's discretion to declare a mistrial *sua sponte* upon the showing of manifest necessity, and absent an abuse of that discretion, we will not disturb his or her decision." *Commonwealth v. Kelly*, 797 A.2d 925, 936 (Pa. Super. 2002). Absent a motion by a defendant, a "trial judge may declare a mistrial [*sua sponte*] only for reasons of **manifest necessity**." Pa.R.Crim.P. 605(B) (emphasis added). Thus, a trial court exercises the power to declare a mistrial *sua sponte* "with the greatest caution, under urgent circumstances, and for very plain and obvious causes[.]" *Commonwealth v. Owens*, 445 A.2d 117, 120 (Pa. Super. 1982) (citations omitted).

The trial court addressed these claims as follows:

[] Berry was called as a witness at trial. At the end of her testimony, the following exchange occurred:

[Young]: Okay obviously he was present.  The question is: Why have you not mentioned in prosecution? [*sic*]

[Berry]:  Why did you come into my house and try to rob me and point a gun at my head?  Why did you do that?

[Young]:  Excuse me, Mrs. Berry.  Can you please tell the court what Anthony Berry was wearing as far as [his] jacket?

[Berry]:  How could I know.  You put him down in the corner and you hit him on the head and made him go into the kitchen.  How could I see what he had on.  Why did you come in and do what you did?

Mr. Young:  Your Honor, I have nothing further.

The Witness:  He can't answer me?

The Court:  No, because --

The Witness:  He can't answer me.

The Court:  Wait to see if there's a question.  Any other questions?

[District Attorney]:  No, Your Honor.

N.T. [Jury Trial – Day 1,] 6/21/21, [at] 96-97.

[Young] claims that the above "outburst" warranted a cautionary instruction and/or a mistrial.  First, [Young] never asked for a cautionary instruction and/or [] a mistrial, so this argument is waived.  Second, [Young] handled the situation very well.  He did not get upset or flustered, and he continued to ask his questions.  Thus, any alleged prejudice suffered as a result of this "outburst" was minimal at best.  Giving an unrequested cautionary instruction would have brought unwanted attention to [] Berry's statements.

\* \* \*

[Young] claims that the court erred in allowing the [Commonwealth] to play the audio of the interviews with [] Davis

- 8 -

and [] Marchant at the trial in this matter. First, [Young failed to object during the trial, so this argument is waived. Second, the court properly instructed the jury about how to evaluate this evidence during its jury instructions. [**See**] N.T. [Jury Trial – Day 3], 6/23/21, [at] 101-[]03.

Supplemental Trial Court Opinion, 4/3/23, at 11-13, 15-16.

The referenced jury instruction states, as follows:

Okay, also occasionally there was some cross[-]examination, you said ["]A["] on a previous date. Now you're saying ["]B["]. So that's . . . called an inconsistent statement. I will give you the legal instruction for it. . . . You may have heard evidence, and you have to decide if something is inconsistent, that a witness made a statement on an earlier occasion that was inconsistent with his or her trial testimony. If you found that the earlier statement was given under oath, in a former legal proceeding or [that] the statement was reduced to writing and signed and adopted by the person that made it, or the statement was recorded *verbatim* with a tape recording when it was made, you may, if you choose, regard this evidence as proof of the truth of anything that witness said in the earlier statement that was recorded or taken down. You may also consider this evidence to help you judge the credibility and weight of the testimony given by the witness at this trial. If you find that earlier statement wasn't given under oath, or wasn't signed or adopted or wasn't tape recorded or recorded, then you may consider this evidence for one reason only, that is to help judge the credibility and weight of the testimony given by the witness at trial. You may not regard evidence of an earlier inconsistent statement as proof of anything true in that statement.

N.T. Jury Trial – Day 3, 6/23/21, at 101-03.

Our review of the record confirms the trial court's analysis and conclusions. Young has failed to demonstrate that there was a manifest necessity for the trial court to declare a mistrial *sua sponte*. **See Kelly**, **supra**; **see also Commonwealth v. Cash**, 137 A.3d 1262, 1280 (Pa. Super.

2016) (jury presumed to follow trial court's instructions). Consequently, we discern no abuse of discretion and grant Young no relief on these claims.[7]

In his third claim, Young argues that the Commonwealth presented insufficient evidence to support his conviction. **See** Brief for Appellant, at 36.

We are constrained to find this claim waived. Young was convicted of six offenses but fails to specify which of the six offenses he challenges, and fails to specify which elements of those convictions he challenges. **See Johnson**, **supra**; **Hardy**, **supra**. Accordingly, this claim is waived.

In his fourth claim, Young argues that the verdict was against the weight of the evidence. **See** Brief for Appellant, at 38-39. In particular, Young contends that the jury's verdict was inconsistent. **Id.** at 38. Young highlights that the jury acquitted Young with respect to the charges involving Marchant, but convicted him for the charges involving Zhion and Davis. **Id.** Young posits that Zhion and Davis both failed to identify Young, and both were adamant that Young did not rob them. **Id.**

We are constrained to find this claim waived as well. As noted above, Young was convicted of six offenses, but fails to specify which of the six convictions he is challenging. Additionally, as highlighted, Young argues that

---

[7] To the extent that Young's statement of questions involved purported to invoke an additional sub-issue that the trial court should have declared a mistrial *sua sponte* because a witness referred to Young's incarceration, we find this claim waived. It is unclear to this Court where in his argument this claim is raised, and Young does not direct us to where in the record this alleged statement occurred. **See Johnson**, **supra**; **Hardy**, **supra**. Accordingly, we are unable to review this sub-issue and conclude that it is waived.

the verdict does not match the victim testimony, but does not provide this Court with any citations to the record where this testimony can be found. *See* *Johnson*, *supra*; *Hardy*, *supra*. Moreover, we observe that, on appeal before this Court, Young has raised a different basis for his weight claim than he did before the trial court. *See* Supplemental Trial Court Opinion, 4/3/23, at 5-6 (trial court addressing differences between Young's testimony and victim testimony).[8] Consequently, this claim would be waived on this basis as well. *See* Pa.R.A.P. 302(a) (issues not raised before trial court waived on appeal).

In his fifth claim, Young contends that his sentence of 20 to 40 years' incarceration was an abuse of discretion. *See* Brief for Appellant, at 39-40. Young's claim challenges the discretionary aspects of his sentence, from which there is no automatic right to appeal. *See Commonwealth v. Austin*, 66 A.3d 798, 807-08 (Pa. Super. 2013). Rather, when an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. *Commonwealth v. Yanoff*, 690 A.2d 260, 267 (Pa. Super. 1997). Prior to reaching the merits of a discretionary sentencing issue,

_____

[8] We further note that it is the appellant's responsibility to adequately, and specifically, preserve the issues he wishes to raise before this Court in his Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b)(4)(ii) ("The Statement **shall** concisely identify each error that the appellant intends to assert with **sufficient detail to identify the issue to be raised for the judge**.") (emphasis added).

> [this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Young has filed a timely notice of appeal, post-sentence motion, and properly included a Rule 2119(f) statement in his brief. Moreover, Young's claim raises a substantial question. **See Commonwealth v. Swope**, 117 A.3d 763, 770 (Pa. Super. 2015) (excessive sentence claim combined with claim court failed to consider mitigating factors raises substantial question). Accordingly, we shall review the discretionary aspects of Young's sentence.[9]

We adhere to the following standard of review:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived as a manifestly unreasonable decision.

**Commonwealth v. Robinson**, 931 A.2d 15, 26 (Pa. Super. 2007) (citation omitted).

---

[9] We caution counsel that his Rule 2119(f) statement is not a substitute for the argument section of an appellate brief. **See** Brief for Appellant, at 40 (incorporating by reference his Rule 2119(f) statement in lieu of providing additional argument).

A sentencing judge has broad discretion in determining a reasonable penalty, and appellate courts afford the sentencing court great deference, as it is the sentencing court that is in the best position to "view the defendant's character, displays of remorse, defiance[,] or indifference, and the overall effect and nature of the crime." *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007) (citation omitted). When imposing a sentence, the sentencing court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "[A] court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa. Super. 2002). In particular, the sentencing court should refer to the defendant's prior criminal record, his age, personal characteristics, and his potential for rehabilitation. *Id.*

Instantly, the trial court had the benefit of a PSI. *See* N.T. Sentencing Hearing, 9/7/21, at 3-5. "[W]here the trial court is informed by a [PSI], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1133 (Pa. Super. 2009) (citation omitted). Additionally, the trial court only imposed two of Young's sentences consecutively, resulting in the aggregate 20 to 40 years' incarceration. *See Commonwealth v. Gonzalez-Dejusus*, 994 A.2d 595, 599 (Pa. Super. 2010) (this Court will not disturb consecutive sentences

unless aggregate sentence is "grossly disparate" to defendant's conduct); *Commonwealth v. Radecki*, 180 A.3d 441, 470 (Pa. Super. 2018) (sentencing court afforded broad discretion in imposing sentences concurrently or consecutively).

At the sentencing hearing, the trial court expressly stated that it had considered the PSI, as well as Young's criminal history. *See* N.T. Sentencing Hearing, 9/7/21, at 3-5, 35-39; *see also* Supplemental Trial Court Opinion, 4/3/23, at 7-9. The trial court additionally stated that it considered Young's expression of remorse for his actions; however, it concluded that Young's remorse should not be afforded much weight due to the severity of his actions. *See* N.T. Sentencing Hearing, 9/7/21, at 35-39. Therefore, our review confirms that the trial court considered all of the relevant sentencing factors, and appropriately set forth its reasons for imposing an aggregate 20-to-40 year period of incarceration. *See Ventura*, *supra*; *Radecki*, *supra*. Accordingly, we conclude that the trial court did not abuse its discretion in imposing Young's sentence, and that Young's challenge to the discretionary aspects of his sentence is without merit. *See Robinson*, *supra*.

Based upon the foregoing, we affirm Young's convictions and judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>11/7/2023</u>