Virginia Pegram HARRISON et al., Plaintiffs,

v.

KEYSTONE COCA–COLA BOTTLING COMPANY, a Pennsylvania Corporation, et al., Defendants.

Civ. A. No. 76–1120.

United States District Court, M. D. Pennsylvania.

March 9, 1977.

Jack M. Stover, Shearer, Mette & Woodside, Harrisburg, Pa., for plaintiffs; Prickett, Ward, Burt & Sanders, Wilmington, Del., of counsel.

Albert H. Aston, Sr., Aston, Fine, McHugh, Caverly, Wetzel & Geist, P. C., Wilkes-Barre, Pa., for Keystone Coca-Cola Bottling Co.

Roger M. Nanovic, Michael L. Ozalas, Nanovic & McKinley, Jim Thorpe, Pa., for Asa Day, Sr., Alan W. Day and Asa Day, Jr.

Albert H. Aston, Jr., Aston, Fine, McHugh, Caverly, Wetzel & Geist, P. C., Wilkes-Barre, Pa., for Albert H. Aston, Sr.

## MEMORANDUM

HERMAN, District Judge.

Plaintiffs, stockholders in Keystone Coca-Cola Bottling Company ("Keystone"), bring this action against that corporation and its directors individually, alleging various acts of corporate mismanagement. Jurisdiction is based on the Securities Exchange Act of 1934, 15 U.S.C. § 78aa, and on diversity and amount in controversy. 28 U.S.C. § 1331. Although the case is of relatively recent origin, it has already produced a voluminous file and some degree of procedural complexity.

Keystone is represented by Albert H. Aston, Esquire, who is also a defendant. Albert H. Aston is in turn represented by his son and law partner, Albert H. Aston, Jr. Defendants Asa Day, Sr., Asa Day, Jr., and Alan W. Day ("the Days") are represented by the firm of Nanovic and McKinley. An answer to the original complaint has been filed on behalf of defendant Aston, while motions to dismiss and for a more definite statement have been filed on behalf of all other defendants. These motions have been fully briefed and were argued on January 5, 1977. On January 28, 1977, before the court had ruled on the motions, plaintiffs filed an amended complaint which attempts to meet defendants' objections as to specificity and also sets forth a new derivative cause of action. Under Federal Rule of Civil Procedure 15(a) the amended complaint is effective as of course as to Keystone and the Days, who have not as yet answered the original complaint. As to defendant Aston, plaintiffs have filed a motion for leave to amend.

On February 14, 1977 the court received from counsel for the Days a petition requesting leave to defer pleading to the amended complaint until the court has ruled on the pending motions to dismiss, the amended complaint being substantially similar to the original complaint and counsel apparently feeling that they could avoid further burdening the file with repetitious motions and briefs by awaiting resolution of those issues already before the court.

The following day, February 15, 1977, the court received a letter from counsel for the plaintiffs strongly objecting to the extension of time requested by the Days. In response to this objection the Days have submitted a motion to dismiss the amended complaint, thus effectively withdrawing their earlier petition for an extension of time. Meanwhile, motions to dismiss and for a more specific pleading have been filed in behalf of Keystone.

 Thus, as the matter now stands, there is an original complaint which is still effective as to defendant Aston and an amended complaint which supersedes the original as to all other defendants. Since defendant Aston has failed to oppose plaintiffs' motion to amend as to him within the time prescribed by Local Rule 301.01(e),[1] and because it will greatly facilitate the further conduct of this action to have all parties pleading to the same complaint, the motion will be granted. The granting of this motion renders the original complaint void as to all defendants, and accordingly the motions directed to that complaint will be denied as moot. See *Loux v. Rhay*, 375 F.2d 55 (9th Cir. 1967); *Miller v. American Export Lines, Inc.*, 313 F.2d 218 (2d Cir. 1963).

1. Submission of Briefs or Memoranda Opposing Motions. Any party opposing any motion, shall file a responsive brief, together with any opposing affidavits, deposition transcripts or other documents, within ten (10) days after service of the opposing brief. Any respondent who fails to comply with this rule shall be deemed not to oppose such motion.

2. As required by Local Rule 301.01(d).

3. Local Rule 201.12 adopts the Code of Professional Responsibility to govern the conduct of attorneys practicing in this court.

4. DR5–101: "Refusing Employment When the Interests of the Lawyer May Impair His Independent Professional Judgment.

 \* \* \* \* \* \*

 "(B) A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify:

As the motions to dismiss the amended complaint are largely restatements of defendants' earlier motions which have been fully briefed and argued, counsel for plaintiffs and the Days have indicated a willingness to have the court decide these issues without further briefing. Since more than ten days have elapsed since the filing of Keystone's motion to dismiss the amended complaint without a supporting brief being submitted,[2] we assume that Keystone also wishes to rely on its previous brief. Defendant Aston has of course filed no response to the amended complaint because leave to amend as to him has heretofore not been granted. While we do not require the filing of further briefs on the motions of Keystone and the Days, we will defer decision thereon until Mr. Aston has promptly responded to the amended complaint so that the preliminary motions of all defendants can be disposed of at one time.

 Another issue which should be decided before this action proceeds further is plaintiffs' motion to disqualify defendant Aston as counsel for Keystone. This motion is based on Disciplinary Rules (hereinafter DR)5–101 and 5–102 of the Code of Professional Responsibility,[3] which proscribe the appearance of an attorney as both counsel and witness in the same case.[4]

"(1) If the testimony will relate solely to an uncontested matter.

"(2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.

"(3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client.

"(4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case.

DR5–102: "Withdrawal as Counsel When the Lawyer Becomes a Witness.

"(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial,

Aston contends that his testimony will not be required in behalf of Keystone, and thus DR5–101 and 5–102 do not apply. We agree with Aston that the mere fact that he may be called as a witness by plaintiffs does not compel his withdrawal.[5] There is the additional problem, however, of Aston's being a defendant in the action. Aston does not deny that he will be required to take the stand in his own defense. He also indicates that he and his client will rely on the common defense that no wrongdoing has occurred.[6] Aston's close connection with Keystone, as a Director alleged to have taken part in the corporate decisions that are the basis of this suit, renders it inevitable that any testimony he gives in his own defense will also be integral to the defense of his client. Thus, while not technically testifying in behalf of his client, he will nonetheless be in the position that DR5–101 and 5–102 are designed to avoid— that of being both advocate and witness in behalf of the same legal position.[7] If, on the other hand, later developments were to prove that Aston and his client could not rely on a common defense, he would be in the equally untenable position of giving testimony in his own behalf which might prejudice the position of his client. DR5–

102(B). In short, we feel that Aston's intimate connection with Keystone, both as Director and co-defendant render it highly unlikely that he will be able to try this case with the degree of detachment required by the code of Professional Responsibility, and that he must therefore be disqualified.

■ Another ethical question is presented by the presence in the case of Albert H. Aston, Jr. as counsel for his father.[8] It cannot be disputed that if Aston, Sr. is to testify in his own behalf, his son's role as counsel will be a technical violation of DR5–102(A), which prohibits a lawyer from serving as counsel in litigation in which another member of his firm is called as a witness. Mr. Aston's role in this litigation, however, is more than that of a witness. He is a party-defendant, and as such could represent himself if he so chose. 28 U.S.C. § 1654. Implicit in the right to represent oneself is the right to be represented by counsel of one's own choosing. We know of no authority which says that a party forfeits this right merely because he is an attorney. Nor do we perceive any actual or potential impropriety if an attorney who might properly represent himself instead selects a member of his firm to

except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR5–101(B)(1) through (4).

"(B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client."

**5.** Note 31 to DR5–102(B):

". . . Apparently the object of this precept is to avoid putting a lawyer in the obviously embarrassing predicament of testifying and then having to argue the credibility and effect of his own testimony. It was not designed to permit a lawyer to call opposing counsel as a witness and thereby disqualify him as counsel." Citing *Galarowicz v. Ward*, 119 Utah 611, 230 P.2d 576, 580 (1951).

**6.** Aston's brief in Opposition to Motion to Disqualify, at 7, 11.

**7.** The problems that can arise from a lawyer's assuming the dual role of witness and advocate

are set forth in Ethical Consideration 5–9: ". . . If a lawyer is both counsel and witness, he becomes more easily impeachable for interest and thus may be a less effective witness. Conversely, the opposing counsel may be handicapped in challenging the credibility of the lawyer when the lawyer also appears as an advocate in the case. An advocate who becomes a witness is in the unseemly and ineffective position of arguing his own credibility. The roles of an advocate and of a witness are inconsistent; the function of an advocate is to advance or argue the cause of another, while that of a witness is to state facts objectively." See also, *International Electronics Corp. v. Flanzer*, 527 F.2d 1288, 1294 (2d Cir. 1975).

**8.** Plaintiffs have not moved for the disqualification of Mr. Aston, Jr., but have pointed out that "there is a real question as to whether the firm of Aston, Fine, McHugh, Caverly, Wetzel and Geist, P. C., should be counsel for anybody in this litigation, even Aston himself." (Plaintiffs' brief in Support of Motion to Disqualify, at 8.)

serve as his counsel. See *International Electronics Corp. v. Flanzer,* 527 F.2d 1288, 1295 (2d Cir. 1975). In the absence of some showing that the presence of Albert H. Aston, Jr. in the case will actually give rise to a breach of professional ethics, we will not disturb defendant Aston's choice of counsel.

An appropriate order will be entered.