Frances M. **LANIGAN**, Plaintiff,

v.

**LaSALLE NATIONAL BANK, Robert Hunter, Kalman S. Lieberman, William M. Donne, Joyce E. Penner, Michael C. Birnkrant, Douglas P. Maloney, David H. Murphy** and **Joseph Stone,** Defendants.

No. 84 C 9676.

United States District Court, N.D. Illinois, E.D.

Feb. 21, 1985.

---

James E. Beckley/Richard S. Schulttz, Chicago, Ill., for plaintiff.

Kalman S. Lieberman/Howard R. Slater, Slater & Lieberman, Jerome T. Murphy, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Frances M. Lanigan ("Lanigan") brings this action against Kalman S. Lieberman ("Lieberman") and several other defendants alleging that they breached the fiduciary duty owed to her under a trust agreement. Lieberman, who is also an attorney, has filed an appearance in this suit to represent himself and one other defendant, William M. Donne ("Donne"). Because of the substantial likelihood that Lieberman will be called as a major witness in this case, Lanigan has moved the Court to disqualify Lieberman from acting as coun-

sel. For the reasons set forth below, the motion to disqualify is granted in part and denied in part.

In *United States v. Tocco*, 575 F.Supp. 100 (N.D.Ill.1983), we noted some of the basic principles governing a motion to disqualify an attorney.

A court has broad discretion in determining whether an attorney should be disqualified. *Schloetter v. Railoc of Indiana, Inc.*, 546 F.2d 706, 710 (7th Cir. 1976). Moreover, in resolving this question, any doubt is to be resolved in favor of disqualification. *Hull v. Celanese Corp.*, 513 F.2d 568, 571 (2d Cir.1975). Disqualification need not be based on an attorney's improper acts, but may be premised on avoiding the appearance of impropriety and on preserving the highest ethical standards in the legal profession. *Schloetter v. Railoc of Indiana, Inc.*, 546 F.2d 706, 710 (7th Cir.1976); *United States v. James*, 555 F.Supp. 794 (S.D.N.Y.1983), *aff'd*, 708 F.2d 40 (1983).

*Id.* at 102. With these principles in mind, we shall consider the motion as it relates to Lieberman's representation of both Donne and himself.

### Lieberman's Representation of Donne

Lanigan argues that Lieberman's participation in this case as both an attorney and an important witness would violate Disciplinary Rules ("DR") 5-101 and 5-102 of the Code of Professional Responsibility. These rules require, with certain exceptions, withdrawal of an attorney from participation in a case when it becomes obvious that he or a lawyer in his firm ought to be called as a witness.[1] It is clear to the Court that

---

1. DR 5-101 provides in pertinent part:
 (B) A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify:
 (1) If the testimony will relate solely to an uncontested matter.
 (2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.

 (3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client.
 (4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case.
 Similarly, DR 5-102(A) commands:
 If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm

Lieberman ought to be called as a witness in this case. Lieberman himself acknowledges that he has more knowledge of the documents and transactions underlying this suit than anyone else. Indeed, he has dealt with the property at the heart of this action for 27 years, and he is the only person who has been directly involved with the management of the property and the relations between the different groups of trust beneficiaries. Thus, unless he falls within one of the exceptions outlined in DR 5–101(B)(1) through (4), Lieberman should be disqualified from representing Donne.

■ The only exception arguably applicable to this case is that found in DR 5–101(B)(4), where disqualification "would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case." Donne claims that he would suffer substantial hardship in two ways: "great financial burdens in having to employ new counsel" and "by way of losing the extremely valueable [sic] services of Kalman S. Lieberman who knows every facet of the problems relating to the property." We disagree. Donne may in fact incur greater attorney fee expenses by replacing Lieberman, but there is no reason to believe the difference will be great. This is especially so in light of the fact that this action was filed quite recently.[2] Moreover, Lieberman's special knowledge is not as relevant to actions he would take in his lawyerly capacity as it is to his distinctive value as a *witness*—the very role barred by DR 5–102. *Norman Norell, Inc. v. Federated Department Stores, Inc.*, 450 F.Supp. 127, 130 (S.D.N.Y.1978); *see also Draganescu v. First National Bank of Hollywood*, 502 F.2d 550, 552 (5th Cir.1974), *cert. denied*, 421 U.S. 929, 95 S.Ct. 1655, 44 L.Ed.2d 86 (1975). Therefore, Donne has failed to demonstrate any substantial hardship under exception (4) to DR 5–101(B), and Lieberman, and any other lawyer in his firm, shall be disqualified from representing Donne further in this action.

### Lieberman's Representation of Himself

Lieberman's desire to represent himself is a much different matter. The right to self-representation in civil cases has a long history, first conferred by Section 35 of the Judicial Act of 1789. The right is now set forth in 28 U.S.C. § 1654, which provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel. . . ." Although not enjoying the constitutional protection later afforded to the right of self-representation in *criminal* cases, the right in civil actions is one of high standing, "not simply a practice to be honored or dishonored by a court depending on its assessment of the desiderata of a particular case." *O'Reilly v. New York Times Co.*, 692 F.2d 863, 867 (2d Cir.1982).

■ Given his statutory right under Section 1654, Lieberman may continue to represent himself in this action. However, the rights of self-representation and representation by counsel may not be both exercised at the same time. *Id.* at 868. Thus, if Lieberman is to proceed *pro se*, he must immediately discharge any other lawyer who has filed an appearance on his behalf.

We also note some practical concerns about Lieberman's self-representation at trial, should this case reach that stage. Lanigan claims that Lieberman actually intends to represent a group of defendants while purporting to act *pro se*. Whether or not Lanigan's concern is well founded, Lieberman's representation of anyone other than himself in this case would be improper

---

ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5–101(B)(1) through (4).

**2.** Compare this situation with that in *U.S. ex rel. Sheldon Electric Co., Inc. v. Blackhawk Heating & Plumbing Co., Inc.*, 423 F.Supp. 486 (S.D.N.Y. 1976). The court in *Sheldon* found no substantial hardship from disqualification even though counsel had already expended about 450 hours in work in the current litigation.

for the reasons discussed in the section above concerning Donne.[3] Thus, the Court will ensure that Lieberman's participation at trial is limited to activities necessary to represent himself fully. Lanigan also points out the logistical problems of Lieberman's testifying at trial: he "cannot examine himself on the stand and be objective as to his testimony or the cross-examination of himself." While this may be true, these problems apply equally to any *pro se* party and do not constitute grounds for disqualifying Lieberman from representing himself.

Accordingly, Lanigan's motion to disqualify is granted in part and denied in part. It is so ordered.

---

**3.** Lanigan has recently brought to the Court's attention a letter indicating that Lieberman may also be authorized to represent defendant La-Salle National Bank in this case. Any such representation will not be permitted.