670 A.2d 680

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Scott GIBSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 19, 1995.

Filed Jan. 18, 1996.

64

Shawn A. Bozarth, Harrisburg, for appellant.

Deborah E. Curcillo, Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before POPOVICH, SAYLOR and BROSKY, JJ.

POPOVICH, Judge:

Scott Gibson appeals from a judgment of sentence entered in the Court of Common Pleas of Dauphin following his convictions for robbery [1] and criminal conspiracy.[2] Appellant now contends that the lower court erred in not allowing trial counsel to testify on appellant's behalf and that the lower court erred in admitting a prior inconsistent statement of his co-defendant. We find that the lower court erred in refusing to allow appellant's counsel to testify and remand for a new trial.

The incident in this matter involved the robbery, at knifepoint, of one Robert Ulmer on August 17, 1993. On that day, Mr. Ulmer was in his delivery truck preparing to fill a snack order for Allen's Market in Susquehanna Township. A man entered the truck, forced Mr. Ulmer to the floor, brandished a knife and took $37 from Mr. Ulmer. A co-felon observed the

1.  18 Pa.C.S.A. § 3701(a)(1)(i).
2.  18 Pa.C.S.A. § 903.

street from the rear of the delivery truck while Mr. Ulmer was robbed. After the robbery, the two men then fled down an alley. Mr. Ulmer could not identify either man except that two black men carried out the crime. Erin Schorr, an eyewitness, observed the perpetrators in the delivery truck and saw them flee down the alley. However, she also was not able to identify these men positively.

A police investigation resulted in Susquehanna Township Police focusing on appellant and his co-defendant Arthur Brothers. Brothers confessed to the crime and identified appellant as his accomplice at a preliminary hearing for the case.

Appellant proceeded to a bench trial before the Honorable William Lipsitt. The Commonwealth called Arthur Brothers as a witness, and, after preliminary questioning, Brothers refused to answer questions pertaining to the robbery. The Commonwealth then introduced Brothers' preliminary hearing testimony as substantive evidence.

After the Commonwealth rested, appellant recalled Brothers to the stand for the purpose of questioning him regarding an alleged statement in which Brothers denied that appellant was involved in the robbery.[3] Once again, Brothers refused to cooperate. Specifically, appellant's attorney, Mr. Bozarth had the following exchange with Brothers:

Q [ATTORNEY BOZARTH] Mr. Brothers, before today we have met two times. You met me on February 28th, 1994. Do you remember that?

A I don't remember the dates. I have seen you a few times.

Q Do you remember being at District Justice Solomon's?

A Yeah, Solomon's.

3. It is unclear from the record whether this statement was made while Brothers was under oath. Attorney Bozarth, while questioning Brothers, indicated that Brothers' statement was made while under oath. However, there was no sworn testimony of the statement introduced. Also, Attorney Bozarth referred to the statement being made before a district justice other than the district justice who presided over this case.

Q Do you remember being there that day and there was no district attorney there?

MS. CURCILLO: Your Honor, I object to any statements.

THE COURT: Why?

MS. CURCILLO: He is trying to get testimony out of the preliminary hearing where there is no transcript—there is no sworn information concerning this information.

.        .        .        .        .

Q [ATTORNEY BOZARTH] Do you recall testifying at that prior proceeding?

A Yeah, I think I did.

Q Do you remember making a statement while under oath at that proceeding that Scott Gibson was not involved in this robbery or any other related—

.        .        .        .        .

Q Mr. Brothers, did you make a statement there at that hearing concerning Mr. Gibson's involvement in this robbery?

.        .        .        .        .

THE WITNESS: I don't remember.

MR. BOZARTH: You don't remember. That is all I have, Your Honor.

(N.T. 10/14/94 at 28–29).

At this point Attorney Bozarth requested a sidebar and stated that he would like to take the stand and testify that Brothers made the above-mentioned exculpatory statement. The court denied this request.

Appellant was convicted of both charges and sentenced to three to six years of incarceration for the robbery conviction and six months to eighteen months of incarceration on the criminal conspiracy charge. Appellant was also required to pay the costs of prosecution on both charges. This timely appeal followed.

We first address appellant's meritless claim that the lower court erred in admitting a prior inconsistent statement of co-defendant Arthur Brothers.

Our supreme court established the rule for admissibility of a non-party witness' prior inconsistent statement in *Commonwealth v. Brady*, 510 Pa. 123, 507 A.2d 66 (1986), and *Commonwealth v. Lively*, 530 Pa. 464, 610 A.2d 7 (1992). In *Brady*, the court held that, "otherwise admissible prior inconsistent statements of a declarant who is a witness in a judicial proceeding and is available for cross-examination may be used as substantive evidence to prove the truth of the matters asserted therein." *Brady*, 507 A.2d at 70. *Lively* involved a reexamination of the rule announced in *Brady* and resulted in our supreme court reaffirming the general principal established in *Brady*. *Lively*, 610 A.2d at 9–10. The court, in refining the *Brady* rule, held:

> In an effort to ensure that only those hearsay declarations that are demonstrably reliable and trustworthy are considered as substantive evidence, we now hold that prior inconsistent statement may be used as substantive evidence only when the statement is given under oath at a formal legal proceeding; or the statement has been reduced to a writing signed and adopted by the witness; or a statement that is a contemporaneous verbatim recording of the witness's statements.

*Id.* at 10 (citation omitted).

Here, the lower court allowed the Commonwealth to introduce Arthur Brothers' preliminary hearing testimony after Brothers testified in a manner that conflicted with his preliminary hearing testimony. Brothers implicated appellant as a participant in the robbery of Mr. Ulmer at the preliminary hearing. When Brothers testified in this conflicting manner, his preliminary hearing testimony became admissible as substantive evidence. *Lively, supra.* Appellant's counsel had the opportunity to cross-examine Brothers at the preliminary hearing which is a formal legal proceeding. Thus, the requirements of *Brady/Lively* are met, and appellant's argument fails.

Appellant's second allegation of error, which requires a remand for a new trial, is that the lower court erred in disallowing trial counsel to testify on appellant's behalf.

PENNSYLVANIA RULE OF PROFESSIONAL CONDUCT 3.7(a) provides:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client.

The Comment to Rule 3.7 states:

Combining the roles of advocate and witness can prejudice the opposing party and can involve a conflict of interest between the lawyer and client.

The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.

... [P]aragraph (a)(3) recognizes that a balancing is required between the interests of the client and those of the opposing party. Whether the opposing party is likely to suffer prejudice depends on the nature of the case, the importance and probable tenor or the lawyer's testimony, and the probability that the lawyer's testimony will conflict with that of other witnesses. Even if there is risk of such prejudice, in determining whether the lawyer should be disqualified due regard must be given to the effect of disqualification on the lawyer's client.

PENNSYLVANIA RULE OF PROFESSIONAL CONDUCT, 3.7, Comment.

■ We had the opportunity to analyze a situation in which an attorney acts as both an advocate and a witness in *Commonwealth v. Willis*, 380 Pa.Super. 555, 552 A.2d 682 (1988):

... *[I]t is well settled that even an attorney acting as an advocate at trial is competent to testify on his client's behalf.*

\* \* \* \* \* \*

Ordinarily ... appearance of an attorney as both advocate and witness at trial is considered highly indecent and unprofessional conduct to be avoided by counsel and to be strongly discountenanced by colleagues and the courts.

*Willis*, 552 A.2d at 695, 696 (citations omitted) (emphasis added).

■ Here, the trial judge did not allow Attorney Bozarth to testify because he believed it would have been improper for trial counsel to act as both a witness and an advocate. Attorney Bozarth sought to testify that Brothers made a statement exculpating appellant at a prior proceeding.[4] Rule 3.7(a) and *Willis* establish that an attorney may act as witness even though this practice is not highly condoned. While Attorney Bozarth was prepared to be questioned by another attorney, Attorney Rosen, the court summarily refused to permit him to testify. Had the court been concerned about counsel's appearance as a witness and advocate, it could have directed Bozarth to withdraw. Further, the risk of Attorney Bozarth's testimony being given undue weight by the factfinder was also minimized because this was a bench trial. Accordingly, the trial court erred in not allowing Attorney Bozarth to testify, and we now must determine if this error was harmless.

■ The Commonwealth has the burden of establishing that an error is harmless beyond a reasonable doubt. *Commonwealth v. Story*, 476 Pa. 391, 383 A.2d 155 (1978). "[A]n error cannot be held harmless unless the appellate court determines that the error could not have contributed to the verdict." *Id.* at 164. An error is harmless where:

---

4. These statements were not part of the official record of that proceeding and were not part of the official record transmitted to us for review.

... (1) the error did not prejudice the defendant or the prejudice was de minimis; or (2) the erroneously admitted evidence was merely cumulative of other, untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

*Commonwealth v. Foy,* 531 Pa. 322, 612 A.2d 1349 (1992) (citations omitted).

In the case *sub judice,* we find that this error was not harmless. The prejudice appellant suffered was not *de minimis* because Attorney Bozarth's testimony would have been valuable impeachment testimony for appellant, given the dearth of evidence of appellant's involvement in the robbery except for Brothers' preliminary hearing testimony. Counsel's testimony would have directly contradicted Brothers' preliminary hearing testimony. Neither the victim nor Erin Schorr could positively identify appellant as one of the felons, and these individuals were at the scene. Appellant was tied to the crime almost entirely on the basis of Brothers' preliminary hearing testimony. In light of the foregoing, the trial court's error was not harmless, and appellant is entitled to a new trial. *Foy, supra.* We note that upon remand if Attorney Bozarth desires to testify, he must withdraw from the case.

Judgment of sentence vacated and case remanded for a new trial. Jurisdiction relinquished.