## Angino v. Confederation Life Insurance Co.

C.P. of Dauphin County, no. 4563 S 1994.

*Stephen R. Pedersen,* for plaintiffs.
*Steve P. Topoulos,* for defendant Spealler.
Victor P. Stabile, for defendant West Corp.
*John J. Levy* and *Patricia J. Larson,* for David Dykhouse .
*James G. McCarney,* for defendant Smith.
*Dana Stevens Scaduto, Jonathan H. Rudd* and *Carla L. Baum,* for defendant Confederate Life.

KLEINFELTER, *J.,* March 28, 1997—Before the court is the motion of defendants L. David Spealler and Asset Management Group to disqualify plaintiff Richard C. Angino as counsel. The motion raises a novel question of law: To what extent does Rule 3.7 of the Pennsylvania Rules of Professional Conduct, providing that a lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness, conflict with the generally recognized constitutional right of a party to self-representation?

In this case, plaintiffs, Richard C. and Alice K. Angino, filed a complaint alleging various causes of action against the moving defendants, and Confederation Life Insurance Co.[1] The action concerns a life insurance policy which Angino purchased and certain representations which were made by defendants in selling the policy. It seems certain that Angino's testimony recounting representations and information provided to

---

1. The action has been stayed against Confederation Life Insurance Company but continues against defendants Carla P. Baum, L. David Spealler and Asset Management Group.

him would be necessary at any trial on the matter. In such an event, it also follows that Angino's credibility would be placed at issue.

Richard Angino, as an attorney, is subject to the Pennsylvania Rules of Professional Conduct. Pa.R.P.C. 3.7 reads:

"(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:

"(1) the testimony relates to an uncontested issue;

"(2) the testimony relates to the nature and value of legal services rendered in the case; or

"(3) disqualification of the lawyer would work substantial hardship on the client.

"(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9."

Defendants argue that Angino fits within no exception set forth above and that Pennsylvania recognizes no lawyer-as-pro se litigant exception. Defendants further argue that Angino's disqualification would cause no hardship on Angino as he could be represented by another attorney in his firm if he chose to do so.

None of the cases relied on by defendant address the specific situation of an attorney acting pro se as both advocate and witness. Nevertheless, the rationale behind the policy embodied in the rule has been commented on at length. The former Code of Professional Responsibility observed:

"If a lawyer is both counsel and witness, he becomes more easily impeachable for interest and thus may be a less effective witness. Conversely, the opposing counsel may be handicapped in challenging the credibility

of the lawyer when the lawyer also appears as an advocate in the case. An advocate who becomes a witness is in the unseemly and ineffective position of arguing his own credibility. The roles of an advocate and of a witness are inconsistent; the function of an advocate is to advance or argue the cause of another, while that of a witness is to state facts objectively." Pa. Code Prof. Resp. EC 5-9.

In *Commonwealth v. Willis,* 380 Pa. Super. 555, 584, 552 A.2d 682, 697 (1988), the court opined:

"When a dual capacity appearance is precluded by a proper application of the Advocate—Witness rule, the ethical course of conduct is for counsel to retire from the role of advocate in favor of the role of a witness." (citations omitted) . . .

"[P]roperly understood, the Advocate—Witness Rule is addressed to improper *representation* rather than improper testimony." (emphasis in original)

In *Commonwealth v. Gibson,* 448 Pa. Super. 63, 69, 670 A.2d 680, 682-83 (1996), quoting from the comment to Rule 3.7, the court observed:

"The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof."

Angino argues that, irrespective of any legitimate policy argument preserved by Rule 3.7, he has a superseding constitutional right to pro se representation. A number of federal cases discuss both a statutory and constitutional right to self-representation.

"In the federal courts, the right of parties to 'plead and conduct their own cases' has been protected by statute since the beginning of our nation. *Faretta v. California,* 422 U.S. 806, 812, 95 S.Ct. 2525, 2530, 45 L.Ed.2d 562, 569 (1975). Indeed, in the criminal context, one has a constitutional right to represent himself. *Ibid.* at 836, 95 S.Ct. at 2541, 45 L.Ed.2d at 582." *Kramer v. Scientific Control Corp.,* 534 F.2d 1085, 1089 (3d Cir. 1976).

In *Kramer,* a class action lawsuit, Kramer, an attorney, initiated suit naming himself as plaintiff but later obtained class action certification. Defendant moved to have counsel for Kramer, who was an associate of his law firm, removed due to a conflict of interest. The district court's denial of this motion was reversed on appeal, the circuit court holding that substituting one's law partner cannot serve as an antidote to the ethical concerns of conflict of interest. Important for our purpose is the circuit court's additional statement: "Thus, we take it as settled that any plaintiff qua plaintiff—including Kramer were he not also a class representative—may represent himself pro se." *Id.*

Similar is *Harrison v. Keystone Coca-Cola Bottling Co.,* 428 F. Supp. 149 (M.D. Pa. 1977), an action by stockholders against a corporation and its directors where one director also served as counsel for the corporation. Although the court held that the attorney-director should be disqualified from representing the corporation (since it was highly unlikely that he could try the case with the required degree of detachment required by the Code of Professional Responsibility), it nevertheless concluded:

"Mr. Aston's role in this litigation . . . is more than that of a witness. He is a party-defendant, and as such could represent himself if he so chose. 28 U.S.C. §1654.

Implicit in the right to represent oneself is the right to be represented by counsel of one's choosing. We know of no authority which says that a party forfeits this right merely because he is an attorney. Nor do we perceive any actual or potential impropriety if an attorney who might properly represent himself instead selects a member of his firm to serve as counsel. See *International Electronics Corp. v. Flanzer,* 527 F.2d 1288, 1295 (2d Cir. 1975)." *Id.,* 428 F. Supp. at 152-53.

A like result was obtained in *Lanigan v. LaSalle National Bank,* 609 F. Supp. 1000 (D.C. Ill. 1985), where defendant counsel was sued for breach of a fiduciary duty under a trust agreement. The attorney defendant, Lieberman, was most likely to be called as a witness.

"Lieberman's desire to represent himself is a much different matter. The right to self-representation in civil cases has a long history, first conferred by section 35 of the Judicial Act of 1789. The right is now set forth in 28 U.S.C. §1654, which provides that '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . .' Although not enjoying the constitutional protection later afforded to the right of self-presentation in *criminal* cases, the right in civil actions is one of high standing, 'not simply a practice to be honored or dishonored by a court depending on its assessment of the desiderata of a particular case.' *O'Reilly v. New York Times Co.,* 692 F.2d 863, 867 (2d Cir. 1982)." *Id.* at 1002. See also, *Andrews v. Bechtel Power Corp.,* 780 F.2d 124 (1st Cir. 1985).

Based on the foregoing authority we conclude that Angino must be permitted to represent himself in the instant proceeding. While we have found no Pennsylvania authority on point and although the federal cases rely in large part on 28 U.S.C. §1654, we hold that

a party-attorney's right to represent himself must prevail over the policy considerations underpinning Pa.R.P.C. 3.7.[2]

### ORDER

And now, March 28, 1997, defendant's motion to disqualify Richard C. Angino as counsel is denied.

---

2. It has been suggested by the Supreme Court that the right to represent one's self may be an essential component of due process of law which has its origins in the common law. For a historical discussion, see *Faretta v. California,* 422 U.S. 806, 45 L.Ed.2d 562, 95 S.Ct. 2525 (1975).