## Golomb & Honik P.C. v. Ajaj

*Richard M. Golomb,* for plaintiff.
*Joseph T. Simon,* for defendants.

HERRON, *J.,* April 5, 2001—Plaintiff Golomb & Honik P.C. has filed a motion to disqualify Joseph Simon, Esquire, as counsel for defendants. This is the latest move in a continuing spiral of litigation and other legal matters, all of which spring from an immigration application filed one day too late. Because Simon may act as defendants' counsel in pretrial matters, the court is denying the motion.

## BACKGROUND

In July 1997, Lamya F.Y. Habib, Abdel Elah M.A. Habib and their two minor children hired Steven P. Barsamian, Esquire to represent them in their attempt to adjust their immigration status to permanent United States residents. Barsamian completed the Habibs' application for permanent alien employment certification, which included information obtained from Legend Tax & Financial Services Inc., Mrs. Habib's employer. On January 13, 1998, Barsamian mailed the application via

certified mail to the appropriate governmental authority.

The Habibs have alleged that successful adjustment of their status required Barsamian to file the application on or before January 14, 1998. Nevertheless, the application was not received until January 15, 1998, one day after the deadline had passed. Furthermore, under the rigid dictates of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996,[1] not only were the Habibs unable to adjust their immigration status, but they were now threatened with expulsion from the United States and prohibition from reentry for a period of 10 years.

On this basis, the Habibs retained Ruben Honik and G&H and filed suit against Barsamian for legal malpractice.[2] In connection with discovery in the malpractice action, Barsamian's counsel subpoenaed Legend's owner, Tareq J. Ajaj, and Legend's tax and business records on August 15, 2000. Ajaj and Legend, however, refused to comply with Barsamian's subpoena.

Several days later, Simon, who was acting as counsel to Ajaj and Legend in the subpoena dispute, contacted Honik. Simon told Honik that Ajaj and Legend did not want to give testimony, produce documents or otherwise comply with the subpoena. Soon after, Honik received a call from Guy Sciola, Ajaj's attorney for the "criminal" aspect of the subpoena, who warned Honik more forcefully and threateningly not to proceed with

---

1. Pub. L. no. 104-208, 110 Stat. 3009 (1996).

2. *Habib v. Barsamian,* C.P. Phila. January 2000, no. 314 (malpractice action).

the malpractice action.[3] Within two months of these conversations, Ajaj allegedly terminated Mrs. Habib's employment with Legend.

When Ajaj appeared for his deposition on September 26, 2000, he refused to answer questions concerning Legend's business income or tax returns and asserted his Fifth Amendment privilege against self-incrimination repeatedly. The motion alleges that Ajaj then embarked upon a "relentless campaign of pressuring and persuading Mr. and Mrs. Habib to drop their lawsuit for money damages against Barsamian in order to protect against the disclosure of Ajaj and Legend's business and tax records, and business and tax practices." Motion at ¶18. This campaign allegedly culminated in death threats against the entire Habib family.

On November 5, 2000, the day before the malpractice action trial was to begin, Mr. and Mrs. Habib advised G&H that they wished to withdraw their claims out of fear for their family's safety. Mr. and Mrs. Habib repeated these wishes and the reasons behind them to the Honorable Matthew D. Carrafiello the following day. Although Judge Carrafiello attempted to address the Habibs' safety concerns, Mr. and Mrs. Habib refused to change their minds, and the malpractice action was dismissed.

One day after Judge Carrafiello dismissed the malpractice action, G&H instituted the instant action against Ajaj and Legend by filing the complaint, which asserts that the defendants tortiously interfered with G&H's contractual relationship with the Habibs. The defendants

---

3. The defendants have admitted these allegations are true. See defendants' response at ¶14.

again engaged Simon as their attorney, and the parties currently are well into the discovery period as set forth in the court's case management order. Now, however, G&H has asserted that it intends to call Simon as a material witness and has requested that he be disqualified as the defendants' counsel accordingly.

## DISCUSSION

Analysis of this matter is complicated by the fact that the defendants have failed to file a memorandum of law in opposition to the motion. In sum, although Simon cannot properly represent the defendants at trial, he may continue to act as their attorney in other regards. As a result, the motion is denied.

Pennsylvania has adopted the advocate-witness rule in Pa.R.P.C. 3.7, which states as follows:

"(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:

"(1) the testimony relates to an uncontested issue;

"(2) the testimony relates to the nature and value of legal services rendered in the case; or

"(3) disqualification of the lawyer would work substantial hardship on the client."

See also, *Commonwealth v. Gibson,* 448 Pa. Super. 63, 70, 670 A.2d 680, 683 (1996) ("appearance of an attorney as both advocate and witness at trial is considered highly indecent and unprofessional conduct to be avoided by counsel and to be strongly discountenanced by colleagues and the courts").[4]

---

4. Similarly, Pa.R.C.P. 222 limits the right of a party's attorney to continue as counsel after having served as a witness:

The advocate-witness rule serves a number of purposes:

"Most noble among its goals is the protection of the legal process itself. For instance, the rule preserves the distinction between advocacy and evidence, and maintains the integrity of the advocate's role as an independent and objective proponent of rational argument. Moreover, it shields the already maligned profession of legal advocacy from further derision, suspicion, and cynicism." Eric G. Luna, *Avoiding a "Carnival Atmosphere" a Trial Court Discretion and the Witness-Advocate Rule,* 18 Whittier L. Rev. 447, 451 (1997). For these reasons, among others, the rule traditionally has been regarded as unwaivable. See Amer. Bar Ass'n Ann. Model R.P.C. 3.7, cmt. (citing *Freeman v. Vicchiarelli,* 827 F. Supp. 300 (D.N.J. 1993), and *MacArthur v. Bank of N.Y.,* 524 F. Supp. 1205 (S.D.N.Y. 1981)).

Here, it appears that Simon is likely to be a necessary witness at trial. Golomb makes its intention to call Simon as a witness clear. More significantly, the defendants do not deny motion paragraph 26, which asserts that "Simon has material information regarding the tortious interference by defendants herein with the civil claim brought by the plaintiffs in the matter *Habib v.*

---

"Where any attorney acting as trial counsel in the trial of an action is called as a witness on behalf of a party whom the attorney represents, the court may determine whether such attorney may thereafter continue to act as trial counsel during the remainder of the trial."

In the sense that Rule 222 allows an attorney who will be a witness to commence representation at trial, its application is narrower than that of Rule 3.7. Because Simon's duty to withdraw has not yet been triggered by Rule 3.7, however, the court need not address the discrepancy between the two rules in any greater depth at this time.

*Barsamian.*"[5] In addition, the question of tortious interference is a contested issue, and there is no assertion in the defendants' response that disqualification would constitute a substantial hardship on the defendants. Thus, given the present facts, it would be improper for Simon to represent the defendants at trial.

The problem with the motion, however, is its timing. While no Pennsylvania appellate court has ruled on when an attorney-witness must withdraw from representing a party,[6] "in most jurisdictions, a lawyer who is likely to be a necessary witness may still represent a client in the pretrial stage." Amer. Bar Ass'n Ann. Model R.P.C. 3.7, cmt.[7] As a result, the motion, which requests immediate disqualification, is overbroad and premature. Accordingly, the court is denying the motion without

---

5. Indeed, the defendants have failed to respond to paragraph 26 at all.

6. In the one published Pennsylvania trial court decision addressing this issue, the court held that "[t]here is no prohibition against [an attorney-witness] providing representation prior to the trial." See *Davisair Inc. v. Butler Air Inc.,* 40 D.&C.4th 403, 406 (C.P. Allegheny 1998) (Wettick, J.). Pennsylvania and Philadelphia Bar Association ethics opinions agree with this assessment. See Pa. Bar Ass'n Comm. on Leg. Eth. & Prof. Resp. inf. op. no. 96-15 (1996) at 1 ("there is no ... bar to an attorney witness acting as an advocate in pretrial proceedings"); Pa. Bar Ass'n Comm. on Leg. Eth. & Prof. Resp. inf. op. no. 94-153 at 2 (1994) ("[t]he key words in [Rule 3.7] are 'act as advocate at a trial.' Accordingly the proscription is only with reference to 'a trial'"); Pa. Bar Ass'n on Leg. Eth. & Prof. Resp. inf op. no. 92-150 at 2 (1992) ("insofar as the nature of your legal representation involves negotiation and trial preparation work, as opposed to the actual representation of the corporation in a trial, the Rule would not prohibit you ... from representing the corporation"); Phila. Bar Ass'n Prof. Guid. Comm. guid. req. no. 88-35 at 1 (1988) ("it is premature to require your withdrawal during pretrial proceedings because Rule 3.7 only precludes a lawyer-witness from acting as counsel at trial").

7. See also, *e.g., Culebras Enters. Corp. v. Rivera-Rios,* 846 F.2d 94, 97 (1st Cir. 1988) (agreeing that advocate-witness rule did not prevent

prejudice and will allow G&H to refile the motion when and if Simon's disqualification would be mandated by Rule 3.7.[8]

## ORDER

And now, April 5, 2001, upon consideration of the motion to disqualify Joseph Simon, Esquire, as counsel for defendants, filed by plaintiff Golomb & Honik P.C., and the response of defendants Tareq H. Ajaj and Legend Tax and Financial Services Inc. thereto, and in accordance with the memorandum opinion being filed contemporaneously with this order, it is hereby ordered and decreed that the motion is denied.

attorneys from acting as party's "solicitors" prior to trial); *Jones v. City of Chicago,* 610 F. Supp. 350, 363 (N.D. Ill. 1984) (allowing attorney-witness and his firm to handle pretrial matters); *Columbo v. Puig,* 745 So.2d 1106, 1107 (Fla. Ct. App. 1999) ("a lawyer may act as an advocate at pretrial (before the start of the trial) and post-trial (after the judgment is rendered) proceedings"); *Anderson Producing Inc. v. Koch Oil Co.,* 929 S.W.2d 416, 422 (Tex. 1996) (advocate-witness rule "only prohibits a testifying attorney from acting as an advocate before a tribunal, not from engaging in pretrial, out-of-court matters such as preparing and signing pleadings, planning trial strategy, and pursuing settlement negotiations"); ABA Comm. on Eth. & Prof. Resp., inf. op. 89-1529 (1989) (although there are "some limitations" on pretrial representation, "a lawyer may serve as an advocate in taking depositions of witnesses and engaging in other pretrial discovery as well as in arguing pretrial motions and appeals from decisions on those motions as long as the other requirements of Rule 3.7 are met"). But, see *e.g., Massachusetts Sch. of Law at Andover Inc. v. American Bar Ass'n,* 872 F. Supp. 1346, 1380-81 (E.D. Pa. 1994), *aff'd,* 107 F.3d 1026 (3d Cir. 1997) (disqualifying attorney-witnesses from "not only acting as trial counsel, but also from taking depositions and arguing pretrial matters in court").

8. Although Pa.R.P.C. 3.7(b) would prevent disqualification of G&H as a firm, the motion begs the question of whether Honik himself may continue as G&H's trial attorney, as he appears to be a likely witness in this matter. That, however, remains an issue for another motion.