**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Gregory Paul HOOVLER, Appellant.**

Superior Court of Pennsylvania.

Submitted March 28, 2005.

Filed Aug. 3, 2005.

Randall T. Hetrick, Mercer, for appellant.

Daniel N. McEwen, Assistant District Attorney, Mercer and James P. Epstein, Assistant District Attorney, Mercer, for Commonwealth, appellee.

Before: TODD, McCAFFERY, and OLSZEWSKI, JJ.

OPINION BY TODD, J.:

¶ 1 Gregory Paul Hoovler appeals from the November 1, 2004 order of the Mercer County Court of Common Pleas denying his motion to dismiss the charges against him on the basis of double jeopardy. We affirm.

¶ 2 The relevant factual and procedural background of the instant case was summarized by the trial judge, the Honorable John C. Reed, as follows:

Defendant Gregory Paul Hoovler [was] charged with indecent assault, indecent

exposure, and corruption of minors. Defendant's case was called to trial on March 17, 2004. Defendant was represented by court appointed attorney Paul Powers. During opening statements, Attorney Powers informed the jury that he may have to call himself as a witness in the case. At the conclusion of Attorney Powers' opening statement, this Court called a sidebar and asked the prosecution if they had any objections to the Defense attorney's opening statements. The prosecution did not object. During the presentment of the Commonwealth's case, the Commonwealth's sole eye witness, Janet Williams, testified upon cross-examination that she did not recall any conversation with Attorney Powers indicating that the charges against the Defendant were unfounded. Towards the conclusion of the Commonwealth's case, Defense counsel, the Assistant District Attorney and this Court met in chambers "off the record" to discuss the issue of Attorney Powers calling himself as a witness. Attorney Powers made an informal offer of proof that he was prepared to testify to rebut the testimony of Janet Williams, and that Janet Williams had in fact stated to him that the charges against the Defendant were unfounded.

At the conclusion of the Commonwealth's case, the Court excused the jury for the evening, cleared the courtroom except for the Defendant, and conducted an "on the record" discussion concerning what had been previously discussed in chambers "off the record." During this discussion, Attorney Powers made a formal offer of proof.

The following morning, a hearing was held outside the presence of the jury, but with the Defendant being present. This Court held that Attorney Powers could not testify on behalf of Defendant and also continue to serve as trial counsel in a jury trial. The Court then summarized the issues, including Attorney Powers' offer of proof. After ruling out the possibility of continuing with the jury trial with Attorney Powers testifying and having substitute trial counsel appointed to conclude Attorney Powers' representation and having another Assistant District Attorney designated to conclude the Commonwealth's case as being unfair to the Defendant and to the Commonwealth, this Court proposed the following choices to the Defendant:

1. Continuing with the jury trial without Attorney Powers testifying; or,

2. Proceeding with a bench trial during which Attorney Powers could both testify and continue to serve as trial counsel; but that would require the consent of the Commonwealth; or,

3. Having a new jury at which time substitute trial counsel would be appointed for the Defendant so that [ ] Attorney Powers would be able to testify, and also have another Assistant District Attorney prosecute the case.

The Court also offered to appoint independent counsel to advise the Defendant in making his decision. The Defendant did not accept the Court's offer of appointing independent counsel to assist him in making his decision; and the Defendant chose to have a new jury trial with new counsel so that Attorney Powers could testify, that being the last choice of the three choices.

Therefore this Court declared a mistrial *sua sponte.* Attorney Powers neither moved for, nor consented to, nor objected to the granting of a mistrial.

(Trial Court Opinion, 11/1/04, at 1–3.)

¶ 3 The trial court subsequently appointed Randall T. Hetrick, Esquire, to represent Appellant, and Attorney Hetrick filed

a motion to dismiss the charges against Appellant on the basis of double jeopardy. The trial court denied the motion on November 1, 2004, and this appeal followed, wherein Appellant argues that the trial court abused its discretion by denying his motion to dismiss the charges on double jeopardy grounds.[1]

¶ 4 With regard to the granting of a mistrial and its effect on double jeopardy, this Court has explained:

It is within a trial judge's discretion to declare a mistrial *sua sponte* upon the showing of manifest necessity, and absent an abuse of that discretion, we will not disturb his or her decision. Where there exists manifest necessity for a trial judge to declare a mistrial *sua sponte*, neither the Fifth Amendment to the United States Constitution, nor Article I, § 10 of the Pennsylvania Constitution will bar retrial.

In *Commonwealth v. Diehl*, 532 Pa. 214, 615 A.2d 690, 691 (1992), our Supreme Court, when considering whether manifest necessity for the trial court's *sua sponte* declaration of a mistrial existed, stated:

Since Justice Story's 1824 opinion in *United States v. Perez*, 22 U.S. (9 Wheat.) 579, 580, 6 L.Ed. 165, it has been well settled that the question whether under the Double Jeopardy Clause there can be a new trial after a mistrial has been declared without the defendant's request or consent depends on where there is a manifest necessity for the mistrial, or the ends of public justice would otherwise be defeated. It is important to note that in determining whether the circum-

stances surrounding the declaration of a mistrial constitute manifest necessity, we apply the standards established by both Pennsylvania and federal decisions.

Pennsylvania Rule of Criminal Procedure 1118(b)[2] provides that:

When an event prejudicial to the defendant occurs during trial only the defendant may move for a mistrial; the motion shall be made when the event is disclosed. Otherwise, the trial judge may declare a mistrial only for reasons of manifest necessity.

In accordance with the scope of our review, we must take into consideration all the circumstances when passing upon the propriety of a declaration of mistrial by the trial court. The determination by a trial court to declare a mistrial after jeopardy has attached is not one to be lightly undertaken, since the defendant has a substantial interest in having his fate determined by the jury first impaneled. Additionally, failure to consider if there are less drastic alternatives to a mistrial creates doubt about the propriety of the exercise of the trial judge's discretion and is grounds for barring retrial because it indicates that the court failed to properly consider the defendant's significant interest in whether or not to take the case from the jury. Finally,

it is well established that any doubt relative to the existence of manifest necessity should be resolved in favor of the defendant.

We do not apply a mechanical formula in determining whether a trial court had

---

**1.** We note that this appeal is properly before this Court as Appellant's double jeopardy claim is not frivolous. *See Commonwealth v. Shull*, 811 A.2d 1, 3 n. 3 (Pa.Super.2002) (finding that denial of pretrial motion to dis-

miss on double jeopardy grounds is subject to appellate review unless it appears the claim is frivolous).

**2.** Now Rule 605(B).

a manifest need to declare a mistrial. "Rather, 'varying and often unique situations aris[e] during the course of a criminal trial . . . [and] the broad discretion reserved to the trial judge in such circumstances has been consistently reiterated . . . .' "

*Commonwealth v. Kelly,* 797 A.2d 925, 936–937 (Pa.Super.2002) (citations omitted) (alterations original).

■ ¶ 5 Preliminarily, we note that when a defendant consents to a trial court's decision to declare a mistrial after alternatives are raised, discussed, and rejected, a determination as to whether there existed a manifest necessity to declare a mistrial is not required. *Commonwealth v. Phillippi,* 442 Pa.Super. 198, 201–02, 658 A.2d 1368, 1370 (1995). As the trial court noted in its opinion in support of its denial of Appellant's motion,

> In the case before this Court, neither Defendant nor his counsel specifically consented to the declaration of a mistrial. However, Defendant effectively consented and should not now be allowed to change his mind and object to the Commonwealth's attempt at re-prosecution. This Court discussed[,] on the record, the possible alternatives with Defendant and offered him the chance to have substitute counsel advise him of his legal rights. Defendant refused. He, himself elected to have Attorney Powers testify in a new jury trial.

(Trial Court Opinion, 11/1/04, at 4–5 (emphasis original; record citation omitted).) We agree with the trial court that by choosing the third option noted above, a trial with a new jury, new defense counsel, and a new prosecuting district attorney, Appellant effectively consented to the trial court's declaration of a mistrial.

¶ 6 Even were we to accept Appellant's contention that he did not consent to a mistrial, however, we would conclude that Appellant is not entitled to relief. In his brief to this Court, Appellant argues that "there was not a manifest necessity for a mistrial in this matter and the Honorable Court failed to consider less drastic alternatives to a mistrial." (Appellant's Brief at 8.) The record belies both of these assertions. As the trial court reasoned:

> [B]efore declaring a mistrial, this Court considered all possible less drastic alternatives. It is inconceivable to this Court that Defendant could have received an adequate Defense by an attorney that was assigned after the Commonwealth had presented its case in chief and the Defendant only had one witness to present, that being Attorney Powers. Any attorney appointed at that time would have been completely unfamiliar with the facts and circumstances surrounding the case and would not have even had the chance to see the Commonwealth's witnesses testify. The possible result would have been manifestly unfair to Defendant.

Defendant was given the opportunity to proceed with a bench trial or to proceed without Mr. Powers testifying. Neither of these options would have been beneficial for Defendant. In *Commonwealth v. Gibson,* 448 Pa.Super. 63, 670 A.2d 680 (1996), in a factually similar case the Superior Court held that it was reversible error for the trial judge to not allow a defense attorney to testify on behalf of his client. *Gibson* was a bench trial, where the chance of prejudice is less. *Id.*

In the case before this Court, Defendant had the right to have a potential necessary witness testify on his behalf. That witness happened to be his attorney. Defendant was completely advised of his options, but unfortunately there were no less drastic alternatives available to protect his interests and rights.

(Trial Court Opinion, 11/1/04, at 5 (emphasis original) (footnote omitted).)

¶ 7 Thus, it is evident that the trial court did, in fact, consider less drastic alternatives to declaring a mistrial, but that a mistrial was necessary in order to fully protect Appellant's rights.

¶ 8 For all these reasons, we find no abuse of discretion in the trial court's denial of Appellant's petition to dismiss the charges against him on double jeopardy grounds, and we affirm the trial court's order of November 1, 2004

¶ 9 Order **AFFIRMED.**